IT IS HEREBY ORDERED: that the bezel portion of the imported merchandise is entitled to duty free treatment in accordance with item 807, TSUS.

**GEORGE WEINTRAUB & SONS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 86–03–00417.**

United States Court of International Trade.

July 15, 1988.

Barnes, Richardson & Colburn, Andrew P. Vance, New York City, for plaintiff.

John R. Bolton, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Dept. of Justice, Mark S. Sochaczewsky, New York City, for defendant.

. OPINION

MUSGRAVE, Judge.

## BACKGROUND

Plaintiff brings this action to require the Customs Service to reliquidate an entry of men's suits from Poland under Column 1, rather than Column 2 of the appropriate item under the Tariff Schedule (TSUS). There is no disagreement between the parties as to the correctness of classification under TSUS Item 379.6215 and 379.6240. Rather, the dispute centers on the characterization of plaintiff's August 5, 1983 filing, which characterization is determinative on the issue of the timeliness of the filing.

It may be helpful to review the dates of the events surrounding this controversy.

December 13, 1981  Polish government declared martial law.

October 8, 1982  Plaintiff entered into contract with Polish supplier.

October 27, 1982  President issued Presidential Proclamation No. 4991, suspending the application of Column 1 TSUS rates for products imported from Poland.

February 1, 1983  Entry No. 83–116303–5 (the entry in question) was made.

April 14, 1983  President issued Presidential Proclamation No. 5048 exempting from the purview of Proclamation No. 4991 exports contracted for prior to October 9, 1982.

May 6, 1983  Customs Service liquidated Entry No. 83–116303–5 under Column 2, 22 days after the issuance of Proclamation No. 5048.

May 27, 1983  Importer provides Customs Service with copy of contract of October 8, 1983, as provided by the terms of Proclamation No. 5048.

August 5, 1983  Request for reliquidation filed by Plaintiff.

November 16, 1984  Request of August 5, 1983 treated by Customs as a protest and denied as "untimely filed".

November 28, 1984  Plaintiff requested reconsideration of the denial under 19 U.S.C. § 1520(c)(1) and (c)(2).

December 8, 1984  Request of November 28 denied.

February 15, 1985  Plaintiff filed a protest against the December 8, 1984 denial.

October 4, 1985  Customs Service denied the February 15, 1985 protest.

March 31, 1986  This action commenced.

## DISCUSSION

Title 19 U.S.C. § 1520(c)(1) states, in relevant part:

"Notwithstanding a valid protest was not filed, the appropriate customs officer

may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction;"

■ Here there is no "error in the construction of a law" as the parties agree as to the classification of the imported merchandise. There is also no dispute that under the terms of Presidential Proclamation No. 5048 the importer was entitled, upon presentation of evidence that the goods were imported pursuant to a contract entered into prior to October 9, 1982, to assessment of duty under Column 1 of the TSUS; the Customs Service, however liquidated under Column 2, which effectively increased the duty from 16.50% to 37.50%. Customs does not contest these facts, but seeks to defeat Plaintiff's claim solely on the grounds that plaintiff untimely filed its "protest" on the ninety-first day (instead of the ninetieth day) after the liquidation of May 6, 1983.

Under 19 U.S.C. § 1520(c)(1), a mistake may be corrected if a request for reliquidation is made within one year from the date of liquidation even though a protest was not timely filed. In the instant case, the liquidation occurred on May 6, 1983 and the request for reliquidation was filed on August 5, 1983, clearly within the prescribed one year time limit. It may also be noted that what the Customs Service characterized as the "protest" of August 5th specifically requested "the entry to be *reliquidated* as per authorization contained in Presidential Proclamation No. 5048 ..." (emphasis added). The one year provision of § 1520(c) requires only that the mistake be brought to the attention of the Customs Service. *C.J. Tower & Sons of Buffalo, Inc. v. U.S.*, 68 Cust.Ct. 17, 336 F.Supp. 1395 (1972), *aff'd*, 499 F.2d 1277 (1974).

With respect to the question of whether or not an inadvertence occurred or whether there was a mistake of fact, it is again noted that the government does not contest the evidentiary facts that the goods at issue were entitled to be liquidated under Column 1 of TSUS, in accordance with Presidential Proclamation No. 5048. If, as is the case, the goods were entitled to entry under Column 1, whether this fact was known to Customs or not, and they were in fact liquidated under Column 2, then it must follow that there was a mistake of fact.

The Court finds Plaintiff's claim of a "... mistake of fact, or other *inadvertence* ..." in the case of the liquidation of May 6, 1983 to be persuasive.[1] The Customs Service does not deny that the May 6th liquidation was not correct under the terms of Presidential Proclamation No. 5048, which restored goods contracted for during the time period prescribed in the said Presidential Proclamation to Column 1 of the TSUS. While it is true that the Service did not have, on May 6, evidence from the importer of this right to be included under the provision of Proclamation No. 5048, it was clearly on notice of the change in status of many Polish imports.[2]

The government's defense rests on grounds of untimeliness, first asserting

---

**1.** Mistake: A mistake exists when a person, under some erroneous conviction of law or fact does, or omits to do, some act which, but for the erroneous conviction, he would not have done or omitted. Black's Law Dictionary, Fifth Edition, 1979.

Inadvertence: 1) the quality or condition of being inadvertent; heedlessness. 2) the act or affect of inattention; an oversight. The Random House Dictionary of the English Language, Second Edition, 1988.

**2.** A directive from the Regional Commissioner of Customs contained in New York Region Informational Pipeline No. 784, dated April 29, 1983 stated, "[in] the case of unliquidated entries, these contracts should be presented to the appropriate Import Specialist. In the case of liquidated entries, the contract should be submitted in conjunction with a request for reliquidation under 19 U.S.C. § 1520(c) to the Regional Protest Unit."

that the "protest" filed by plaintiff on August 5, 1983 ninety-one days after the date of liquidation was untimely and further that the "request for reliquidation" submitted by plaintiff on November 28, 1984 was also untimely.

The Presidential Proclamation which restored the imported goods to Column 1 preferential treatment was issued on April 14, 1983, and was noted to import specialists by the Treasury Department's "Pipeline" publication of April 29th. Five business days later the Customs Service liquidated the subject entry under Column 2. On May 27th, prior to the May 31 deadline set forth in Proclamation No. 5048, plaintiff submitted to the Customs Service a copy of its purchase order pursuant to Proclamation No. 5048, establishing that the merchandise fell within the terms of the Proclamation. On August 5th a form was filed, which while delineated "protest," contained language requesting "[that] the entry ... be *reliquidated* as per authorization contained in Presidential Proclamation No. 5048 ..." The Court finds that this was a *request for reliquidation* and falls within the time constraints imposed by 19 U.S.C. § 1520(c). In accepting plaintiff's contention that this is a request for reliquidation, the Court looks to the language of the August 5th submission, which by its terms expressly requests reliquidation. Plaintiff concedes that it was not a timely "protest" in that it was not made within ninety days of liquidation but claims relief under § 1520 as noted above. The Court believes that reliance on that provision of the statute is well founded.

The facts are not identical to, but are similar to, those in *Mattel Inc. v. United States*, 72 Cust.Ct. 257, 377 F.Supp. 955 (1974). Here, as in that case, "The merit of plaintiff's claim as to the proper classification of the importation is not in dispute. The sole issue, rather, is whether certain 'Sec. 520(c) request letters' ... constitute valid protest ..." Here the question is whether the August 5th request for reliquidation is a request for reliquidation or something else. The Court does not feel that it is reasonable to recast Plaintiff's request for reliquidation as something else,

i.e., a protest. The Court held in *Mattel:* "While no formal rules have been devised for the manner in which such objection should be expressed, the Court has held letters to be sufficient as protest where they conveyed to the customs officials the *objection in the mind of the protesting party* so that the former would have an opportunity to review their decision and take action accordingly." (emphasis added). The Court went on to quote from *United States v. Sheldon and Co.*, 5 Ct. Customs Appls. 427, 429, T.D. 34946 (1914)

"... one cardinal rule in construing a protest is that it must show fairly that the objection ... was in the mind of the party at the time the protest was made and was brought to the knowledge of the collector to the end that he might ascertain the precise facts and have an opportunity to correct the mistake and cure the defect if it was one that could be obviated."

As to what was in the mind of the Plaintiff, it is clear beyond peradventure of a doubt that what was sought was reliquidation under Column 1 of the TSUS, in accordance with Presidential Proclamation No. 5048. The August 5th document submitted requested that the entry be reliquidated: it was accompanied by a cover letter dated August 4, 1985 which recited: "... in accordance with the Presidential Proclamation No. 5048 of April 14, 1983 and the New York Region Informational Pipeline No. 784 of April 29, 1983 the merchandise covered by entry # 83116303–5 is to be charged to Column 1 duty rate, Tariff Schedule of the United States." The letter goes on to point out the means by which plaintiff had complied with the Presidential Proclamation.

Again, defendant has not contested the facts submitted by plaintiff to support plaintiff's position that on August 5th, well within the one year period prescribed by 19 U.S.C. § 1520(c), plaintiff filed a request for reliquidation with substantiating data which could not have but made clear to the Customs Service the relief sought.

█ It is interesting to note that the Customs Service took fifteen months, from August 5, 1983 until November 4, 1984 to respond to plaintiff's request for reliquidation: defendant now argues that this delay cannot be used to expand the jurisdiction of the Court beyond the one year limit set forth in § 1520. While it seems disingenuous to delay an administrative decision for more than one year and then argue that the delay in and of itself deprives plaintiff of its day in court, the point need not be pursued. The § 1520 limitation was complied with by plaintiff's filing on August 5th of a request for reliquidation. The question then arises as to whether any other action, or lack of action, deprives the Court of jurisdiction.

The denial by the Service on November 16, 1984 of plaintiff's August 5, 1983 request for reliquidation was itself protested on November 28, 1984 by means of a further request for review of the request for reliquidation. This was denied by Customs on December 8, 1984, and this action was commenced on March 31, 1986.

Both plaintiff and defendant cite the case of *Feudor, Inc. v. United States*, 79 Cust.Ct. 179, CRD 77–13, 442 F.Supp. 544 (1977) as being dispositive of the issue of whether or not this complaint should be dismissed.

In *Feudor*, plaintiff filed an application for reliquidation of certain entries pursuant to 19 U.S.C. § 1520(c)(1). When reliquidation was refused by Customs plaintiff filed a protest, which was denied. Plaintiff thereafter filed a timely summons. Defendant moved for dismissal for lack of subject matter jurisdiction on the grounds that plaintiff had failed to file its application for reliquidation in a timely manner as provided by section 1520(c)(1), and therefore, its protest had no legal effect.

The Court denied defendant's motion to dismiss, stating that the question presented involved the merits of the case—an inappropriate subject for resolution on a motion to dismiss for lack of jurisdiction.

In the instant case, defendant cites *Feudor* and asserts that the form of its Motion to Dismiss distinguishes it from *Feudor*[3]; on the other hand, the Court finds that here, as in *Feudor*, the gravamen of the charge is that the Customs Service failed (or refused) to reliquidate an entry, and that to dismiss an action timely filed would be manifestly unfair to plaintiff.

With respect to the timeliness of the date of filing of the complaint, the Court notes that on November 16, 1984 the Customs Service denied the August 5, *1983* request for reliquidation. On November 28, 1984, plaintiff requested reconsideration. This was clearly a timely protest of the November 16th denial. On December 8, 1984 the Customs Service denied the November 28th petition, and on February 15, 1985, plaintiff timely filed a protest against that denial. Almost eight months later, on October 4, 1985 Customs denied this protest. This action was commenced on March 31, 1986. While one could wish that plaintiff had been more artful in filing its request for reliquidation and its two subsequent protests, and one could further wish that some of these had been done in a more prompt fashion, defendant's conduct in taking 15 months to deny the request for reliquidation, and eight months to deny the second protest, itself created a situation over a period of the past five years in which it does not lie well in the defendant's mouth to say that plaintiff should be denied his request for reliquidation, or his day in court, due to "untimeliness."

## CONCLUSION

The only issues of fact or law to be decided in this case are (a) whether or not an error of fact or inadvertence occurred, and the Court finds that such an error or inadvertence did occur; (b) whether or not plaintiff filed its request for reliquidation within one year of the May 6th date, which the Court finds that it did; and (c) whether the summons was timely filed after the

**3.** Defendant moved to dismiss on the grounds of lack of jurisdiction and failure to state a claim upon which relief can be granted.

**1454**

denial of plaintiff's second protest, and the Court finds that it was.

Accordingly, defendant's Motion to Dismiss is denied, plaintiff's Motion for Summary Judgment is granted, and the District Director is directed to reliquidate Entry Number 83–116303–5 in accordance with Column 1 TSUS, and make an appropriate refund of duties paid, plus interest, to plaintiff.