**ITT CORPORATION, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**Court No. 90–12–00674.**

United States Court of
International Trade.

Jan. 19, 1993.

Barnes, Richardson & Colburn, Rufus E. Jarman, Jr. and Despina Keegan, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, U.S. Dept. of Justice, Civ. Div., Carla Garcia–Benitez; Karen P. Bender, U.S. Customs Service, Office of the Asst. Chief Counsel, Intern. Trade Litigation, Washington, DC, of counsel, for defendant.

## OPINION

RESTANI, Judge:

This action is before the court for decision following trial *de novo*. The United States Customs Service ("Customs") classified the merchandise at issue under item 692.32, Tariff Schedules of the United States (1985) ("TSUS"). Plaintiff seeks classification under item 692.24, TSUS. The items read as follows:

Chassis, bodies (including cabs), and parts of the foregoing motor vehicles . . .:

Other:

692.24  Cast-iron (except malleable cast-iron) parts, not alloyed and not advanced beyond cleaning, and machined only for the removal of fins, gates, sprues, and risers or to permit location in finishing machinery

Other:

. . . .

692.32  Other:

In particular, this action challenges the denial of plaintiff's protest of a decision refusing reliquidation of the merchandise under item 692.24 pursuant to 19 U.S.C. § 1520(c)(1) (1988), which provides in pertinent part:

Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one *year after the date of liquidation or exaction.*

The Customs Service's regulations implementing 19 U.S.C. § 1520(c)(1) provide:

(a) *Authority to review and correct.* Even though a valid protest was not

filed, the district director, upon timely application, may correct pursuant to section 520(c)(1), Tariff Act of 1930, as amended, (19 U.S.C. 1520(c)(1)[) ], a clerical error, mistake of fact, or other inadvertence meeting the requirements of paragraph (b) of this section, by reliquidation or other appropriate action.

(b) *Transactions which may be corrected.* Correction ... may be made in any entry, liquidation, or other Customs transaction if the clerical error, mistake of fact, or other inadvertence:

(1) Does not amount to an error in the construction of a law;

(2) Is adverse to the importer; and

(3) Is manifest from the record or established by documentary evidence.

19 C.F.R. § 173.4 (1990).

### 1. *Classification issues.*

■ The evidence adduced at trial demonstrated that the automobile parts at issue were, in chief value, cast iron and were not malleable, not alloyed, not advanced beyond cleaning, and machined only for the removal of fins, gates, sprues and risers or to permit location in finishing machinery. In other words, they matched the wording of plaintiff's claimed classification. Defendant's witness articulated a suspicion that the merchandise was machined in an impermissible manner, but he did not support this view. Accordingly, following trial the court found the cast iron parts at issue fit squarely within item 692.24. Trial Transcript at 158.

The only issue left outstanding as to the classifiability of the merchandise under item 692.24 concerned some parts containing a steel insert, which insert was valued at less than fifty percent of the value of the entire part. These composite parts were in chief value of cast iron. Trial Transcript at 45. Although item 692.24 does not use the word "of," there appears

to be no dispute that item 692.24 covers articles *of cast iron.* *See* Trial Transcript at 107 and Defendant's Post Trial Brief at 9. General Headnote 9(f)(i) of TSUS indicates that the chief value of the material will determine the classification of a composite article in such a case.[1]

■ Following trial, however, the government cited Headnote 2(a) of Schedule 6, Part 2, Subpart B, TSUS (1985), which reads in part:

2. *Grades of Iron, Steel, and Ferroalloys.—For the purposes of the tariff schedules,* the following terms have the meanings hereby assigned to them:

(a) *Pig iron (except vanadium or titanium pig iron) and cast iron:* A ferrous product (**not including steel**, as defined in (g) of this headnote) containing, by weight, 1.9 percent or more of carbon, and which may contain one or more alloy elements within the respective weight limits specified below:.... (Emphasis added)

The government argues that this headnote prevails over General Headnote 9(f) and normal classification practice. Thus, it argues any steel content will prevent classification as cast iron.

Headnote 2 of Schedule 6 would not seem to be on point. It merely states that even if steel is 1.9 percent or more carbon and contains less than the listed amount of alloy element, steel is not pig iron or cast iron. This headnote has nothing to do with classification of a composite part comprised in chief value of cast iron with an insert made of steel, not pig iron or cast iron.

### 2. *Reliquidation.*

■ Having found that the merchandise at issue was classifiable under item 692.24, the court turns to the real point of controversy. The government asserts that

---

**1.** Headnote 9(f)(i) provides:

9. *Definitions.* For the purposes of the schedules, unless the context otherwise requires—
....
(f) the terms "of", "wholly of", "almost wholly of", "in part of" and "containing", when used between the description of an arti-

cle and a material (e.g., "furniture *of* wood", "woven fabrics, *wholly of* cotton", etc.), have the following meanings:
(i) "of" means that the article is wholly or in chief value of the named material;
....
General Headnote 9(f)(i), TSUS (1985).

plaintiff failed to meet two of the conditions for reliquidation set forth in 19 U.S.C. § 1520(c)(1), that is, that the error not be one of law and that the error be demonstrated to Customs.[2] The government's first argument is that plaintiff misunderstood the nature of the law rather than the nature of the merchandise when it entered the imported castings under item 692.32 as finished automotive parts. The court finds the distinction between law and fact not particularly clear in this area. In this case, however, the essential error appears to be one of fact, and the court so held at trial. Trial Transcript at 158. In essence, in filling out the Customs entry forms, the importer's agent used company records applicable to parts which were finished to a greater degree and which were to be sent to a different customer. Trial Transcript at 60–61, 65–66. If there was a disputed point of law at the time of entry, it was not pointed out to the court. The law seems clear; the document preparer simply understood the nature of the merchandise to be other than what it was. Thus, a mistake of fact occurred. *C.J. Tower & Sons of Buffalo, Inc. v. United States,* 68 Cust.Ct. 17, 22, 336 F.Supp. 1395, 1399 (1972) (finding a mistake of fact), *aff'd,* 61 CCPA 90, 499 F.2d 1277 (1974); *see also Hambro Automotive Corp. v. United States,* 66 CCPA 113, 118, 603 F.2d 850, 854 (1979) (finding a mistake of law). The purpose of section 1520 is to allow correction of such mistakes and neither the government nor the courts should struggle excessively to turn mere bumbling into a controversy over law.

■ The finding that plaintiff made a mistake of fact in its suggested classification of the merchandise does not end the inquiry, however. The problem for plaintiff is that it never told Customs with any specificity how it came to misclassify the merchandise. It simply said "[a] mistake of fact occurred in the initial creation of the broker's records.... The understanding was that these castings were actually brake parts classifiable under TSUS 692.-32." Plaintiff's Exhibit 7. Samples were also submitted. *See, e.g.,* Plaintiff's Exhibit 8. The question is, what must the importer affirmatively establish prior to Customs' determination on the section 1520(c)(1) claim. In other words, does the importer satisfy its burden of production merely by notifying Customs that the importer believes a mistake of fact has occurred, or must the importer affirmatively establish both the existence of a mistake of fact and the correct classification of the merchandise. The government claims the latter is required.

■ First, the court should dispose of the issue of whether the one-year time limit for filing a section 1520 claim applies to the submission of data necessary to support it. 19 U.S.C. § 1520(c)(1). This issue was resolved in *George Weintraub & Sons, Inc. v. United States,* 12 CIT 643, 691 F.Supp. 1449 (1988) and *C.J. Tower,* 68 Cust.Ct. 17, 336 F.Supp. 1395. *C.J. Tower,* in particular, makes clear that the one-year time limit does not apply to efforts to document the error. *See* 68 Cust.Ct. at 23, 336 F.Supp. at 1400; *see also Weintraub,* 12 CIT at 644, 691 F.Supp. at 1451 ("The one year provision of § 1520(c) requires only that the mistake be brought to the attention of the Customs Service" (citing *C.J. Tower*)). On the other hand, a party who waits past the time of filing its 19 U.S.C. § 1520(c)(1) request to file supporting documentation risks an adverse decision by Customs in the interim. In *C.J. Tower* the appropriate data was filed after the one-year limit, but before Customs had decided the reliquidation claim. 68 Cust.Ct. at 18–19, 336 F.Supp. at 1396–97. In this case plaintiff waited for trial before this court to present the bulk of its evidence. Defendant's Pretrial Memorandum of Law at 29.

---

**2.** The statute provides in part that "the appropriate customs officer may ... reliquidate an entry to correct ... [a] mistake of fact ... manifest from the record or established by documentary evidence." 19 U.S.C. § 1520(c)(1). The plain meaning of the statutory language leads to the conclusion that the mistake of fact must be manifest from the record and documentary evidence available to Customs at the time of the reliquidation decision. This court rejects the view that "record" as used in the statute can also refer to the record placed before a court conducting judicial review of Customs' reliquidation decision.

■ Second, although trial before this court is *de novo* under 28 U.S.C. § 2640(a)(1) (1988), the right to reliquidation based on mistake is provided by statute and the statutory requirements must be met. The court may consider all evidence and is not bound by Customs' disposition of the issues, but if insufficient evidence demonstrating error is submitted to Customs the statute will not be met and the outcome will be the same. *See PPG Industries, Inc. v. United States*, 4 CIT 143, 147–48 (1982) ("The burden and duty is upon the plaintiff to inform the appropriate Customs official of the alleged mistake with 'sufficient particularity to allow remedial action'" (citation omitted)).

The sample merchandise which was submitted to Customs does not answer the relevant questions. Apparently, it is not obvious to persons knowledgeable in the field from visual examination, whether a part meets or does not meet the requirements of item 692.24. Testimony is needed to explain, *inter alia*, that the parts are not machined beyond that allowed by the statute. Furthermore, it was not made clear to Customs that a mistake of fact, rather than one of law, actually occurred.[3] These facets of the inquiry are not entirely distinct. Efforts to explain the exact nature of the mistake might also have led to a demonstration of the correct classification. In sum, plaintiff provided insufficient information to require Customs to grant or make further inquiry into its 19 U.S.C. § 1520(c)(1) claim for reliquidation based on mistake of fact. The nature of the error and the correct classification was not manifest from the record or established by documentary evidence before Customs rendered its decision. Judgment will be entered for the United States.

---

**3.** As noted above, plaintiff's claim for reliquidation stated, "[a] mistake of fact occurred.... The understanding was that these castings were actually brake parts classifiable under TSUS 692.32." Plaintiff's Exhibit 7. Both items 692.32 and 692.24 may cover "brake parts." Thus, while asserting a mistake of fact, the claim describes what seems to be a mistake of law.