ITT CORPORATION, Plaintiff–Appellant,

v.

The UNITED STATES, Defendant–Appellee.

No. 93–1313.

United States Court of Appeals, Federal Circuit.

May 3, 1994.

Rufus E. Jarman, Jr., Barnes, Richardson & Colburn, of New York City, argued, for plaintiff-appellant. With him on the brief, was Frederic D. Van Arnam, Jr.

Carla Garcia–Benitez, Dept. of Justice, of New York City, argued, for defendant-appellee. With her on the brief were Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Atty. in Charge Intern. Trade Field Office. Of counsel was Karen P. Binder, Office of the Asst. Chief Counsel Intern. Trade Litigation U.S. Customs Service.

Before NIES,[1] LOURIE and CLEVENGER, Circuit Judges.

CLEVENGER, Circuit Judge.

ITT Corporation appeals the January 19, 1993 judgment of the United States Court of International Trade affirming the refusal by the U.S. Customs Service to reliquidate imported cast-iron automobile parts under a different tariff classification than originally assigned. The Court of International Trade held that even though ITT proved at trial *de novo* that a mistake of fact had occurred in classification, ITT was not entitled to reliquidation under 19 U.S.C. § 1520(c)(1) (1988) because the documentary evidence submitted by ITT to Customs was insufficient to establish the mistake of fact to Customs. *ITT Corp. v. United States*, 812 F.Supp. 213, 216 (Ct.Int'l Trade 1993). We reverse.

---

1. Circuit Judge Nies vacated the position of Chief Judge on March 17, 1994.

I

ITT imported cast-iron automobile parts. Customs liquidated the entries under item 692.32 of the Tariff Schedules of the United States (TSUS)[2] at a duty rate of 3.1 percent *ad valorem*. Within one year after the liquidations, ITT's customs broker filed claims with Customs pursuant to 19 U.S.C. § 1520(c)(1), seeking reliquidation of each entry under TSUS item 692.24, which specifies duty-free treatment, and thus the refund of duties paid at the time of entry.[3] The claims stated:

> We now have evidence in the form of samples of both castings which substantiate that the castings are more correctly classified under TSUS 692.2400.

> It is contended that the reclassification of these castings is correctable under Section [1520(c)]. A mistake of fact occurred in the initial creation of the broker's records which resulted in the subsequent misclassification of the entries covered by this claim.... A mistake of fact has been ruled to exist wherein an individual understands the facts to be other than they are, which is the case in this instance. The understanding was that these castings were actually brake parts classifiable under TSUS 692.32. The product was understood to be other than it actually was. (citations omitted).

On December 13, 1989 and April 19, 1990, Customs denied ITT's respective requests for reliquidation, both times stating that the "[e]rror involve[d] the construction of law." ITT filed timely protests under 19 U.S.C. § 1514 (1988) of Customs' refusals to reliquidate. Customs denied these protests, and ITT consequently filed a complaint with the Court of International Trade under 28 U.S.C. § 1581(a) (1988).

II

The Court of International Trade held a trial *de novo* pursuant to 28 U.S.C. § 2640(a) (1988). Despite its determination that the correct classification of ITT's merchandise was TSUS item 692.24 and not 692.32, the court affirmed Customs' refusal to reliquidate under 19 U.S.C. § 1520(c)(1). The court, however, disagreed with the basis for Customs' decision. Whereas Customs had rejected ITT's claims for asserting a mistake of law rather than a mistake of fact as required under § 1520(c)(1), the Court of International Trade instead found that ITT's letters actually had timely notified Customs of a mistake of fact. *ITT*, 812 F.Supp. at 216. The court, however, held that in addition to timely notice, § 1520(c)(1) requires an importer to substantiate its allegation by demonstrating that the mistake of fact is manifest from the record or established by documentary evidence. Moreover, the Court of International Trade interpreted § 1520(c)(1) as requiring that such a substantiation be made to Customs before the reliquidation decision, rather than at a later time such as at a trial *de novo* before the court. The court concluded that while ITT established the mistake of fact at trial, ITT had failed to establish the mistake of fact to Customs prior to the reliquidation decision. *Id.* at 217. The Court of International Trade thus granted judgment for the Government.

III

■ In reviewing a judgment of the Court of International Trade, this court decides *de novo* the proper interpretation of the governing statute and regulations. *St. Paul Fire & Marine Ins. Co. v. United States*, 6 F.3d 763,

---

**2.** Item 692 of the TSUS reads in pertinent part:
  Chassis, bodies (including cabs), and parts of the foregoing motor vehicles (con.):
    Other:
  692.24 Cast-iron (except malleable cast-iron) parts, not alloyed and not advanced beyond cleaning, and machined only for the removal of fins, gates, sprues, and risers or to permit location in the finished machinery
          \*      \*      \*      +      \*      \*
  692.32 Other

Tariff Schedules of the United States Annotated 6–183 (1985).

**3.** Although ITT's customs broker submitted two separate claims to Customs on September 21, 1989 and October 13, 1989, respectively, both claims asserted the same mistake of fact in Customs' classification with regard to identical merchandise. We thus consider these claims collectively.

767 (Fed.Cir.1993). The relevant statute here, 19 U.S.C. § 1520(c)(1), provides that:

[T]he appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation. . . .

Furthermore, the regulation implementing § 1520(c)(1) sets forth that:

Correction pursuant to ... 19 U.S.C. § 1520(c)(1), may be made in any entry, liquidation, or other Customs transaction if the clerical error, mistake of fact, or other inadvertence:

(1) Does not amount to an error in the construction of a law;

(2) Is adverse to the importer; and

(3) Is manifest from the record or established by documentary evidence.

19 C.F.R. § 173.4(b) (1993). Reliquidation under § 1520(c)(1) thus requires both notice and substantiation.

■ With regard to notice, the importer must assert the existence of an inadvertence to Customs "within the proper time and with sufficient particularity to allow remedial action." *Hambro Automotive Corp. v. United States,* 458 F.Supp. 1220, 1222 (Cust.Ct. 1978); *see Omni U.S.A., Inc. v. United States,* 840 F.2d 912, 916 (Fed.Cir.1988) (affirming Court of International Trade's dismissal of untimely reliquidation request under § 1520(c)(1)). In this case, ITT brought to the attention of Customs within one year

after liquidation that "[a] mistake of fact occurred in the initial creation of the broker's records which resulted in the subsequent misclassification of the entries covered by this claim." Moreover, ITT's statement that "[t]he product was understood to be other than it actually was" timely informed Customs that ITT sought reliquidation based on a mistake of fact and not a mistake of law. ITT thus satisfied the § 1520(c)(1) requirement of a timely notification to Customs.[4]

■ With regard to substantiation, § 1520(c)(1) requires the importer to establish the asserted inadvertence through documentary evidence submitted to the appropriate customs officer, unless the inadvertence is manifest from the record. Inadvertences manifest from the record are those apparent to Customs from a facial examination of the entry and the entry papers alone, and thus require no further substantiation. While clerical errors likely compose the majority of such inadvertences, mistakes of fact nonetheless also can be manifest from the record that the entry and the entry papers constitute. Mistakes of fact that are not manifest from such record, however, must be established by documentary evidence.

■ In this case, nothing in the entry papers alone substantiated ITT's assertion that a mistake of fact had occurred. Furthermore, testimony at the trial *de novo* before the Court of International Trade revealed that the proper tariff classification would not be apparent from a visual examination of the samples of ITT's entries submitted to Customs. We therefore hold that the Court of International Trade was correct to the extent that it concluded ITT's mistake of fact was not manifest from the record or established by documentary evidence prior to Customs' reliquidation decision. For the following reasons, however, we hold that the Court of International Trade erred by interpreting § 1520(c)(1) as precluding the court's

4. Section 1520(c)(1) does not afford a second bite at the apple to importers who fail to challenge Customs' decision within the 90–day period set forth in § 1514. Rather, Congress established a distinct timeliness requirement for the quite specific types of errors recognized under § 1520(c)(1). In its briefs and at oral argument, the Government thus mischaracterized ITT's sub-

mission of claims under § 1520(c)(1) as an attempt to circumvent ITT's failure to file a timely protest under § 1514 of Customs' classification decision. We emphasize that under no circumstances may the provisions of § 1520(c)(1) be employed to excuse the failure to satisfy the requirements of § 1514.

consideration at trial *de novo* of additional evidence, documentary or otherwise, which further substantiates the alleged mistake of fact, where the documentary evidence before Customs was insufficient to establish the mistake of fact to Customs.

## IV

■ Based on documentary evidence submitted by ITT to Customs and testimony before the Court of International Trade at trial *de novo*, the court found that a mistake of fact had indeed occurred in ITT's liquidation. *ITT*, 812 F.Supp. at 216. Customs does not challenge this finding, which is amply supported by the record and not clearly erroneous. The court nonetheless held that ITT was not entitled to reliquidation under 19 U.S.C. § 1520(c)(1) because a mistake of fact was not established from the documentary evidence ITT submitted to Customs before the reliquidation decision. *Id.* at 216–17.

The Court of International Trade correctly recognized that the one-year provision of § 1520(c)(1) applies only to the notification to Customs of an alleged mistake of fact, and "not ... to efforts to document the error." *Id.* at 216 (citing *George Weintraub & Sons, Inc. v. United States*, 691 F.Supp. 1449, 1451 (Ct.Int'l Trade 1988) ("The one year provision of § 1520(c) requires only that the mistake be brought to the attention of the Customs Service."); *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 336 F.Supp. 1395, 1400 (Cust.Ct.1972), *aff'd on other grounds*, 499 F.2d 1277 (CCPA 1974)). The court further noted that unlike the importer in *C.J. Tower*, where "the appropriate data was filed after the one-year limit, but before Customs had decided the reliquidation claim.... [i]n this case [ITT] waited for trial before this court to present the bulk of its evidence." *Id.*

Nothing in § 1520(c)(1), however, precludes the importer from explaining with fur-

ther evidence, documentary or otherwise, at trial *de novo* before the Court of International Trade how the documentary evidence it submitted to Customs substantiates the asserted inadvertence. A principal purpose of trial *de novo* under § 2640(a), after all, is to enable importers to prove the truth of the assertions they have made to Customs. While a prudent importer would submit all its supporting documentary evidence along with its timely notice alleging a mistake of fact before Customs' consideration in order to facilitate a prompt and favorable decision by Customs, neither statute nor case law precludes court-ordered reliquidation under § 1520(c)(1) after a trial *de novo*. Indeed, the interpretation of § 1520(c)(1) by the Court of International Trade here is contrary to the case law because under such an interpretation, denial by Customs of the reliquidation request the moment it is received would foreclose any opportunity for an importer to submit supporting documentary evidence after its timely notice alleging a mistake of fact. Moreover, such a statutory construction would bar an importer from ever establishing the mistake of fact by documentary evidence where Customs, as in this case, erroneously characterized the importer's timely notice as an allegation of a mistake of law.[5] The statute neither expresses nor suggests that the courts must grant Customs the authority to cause such harsh results.

The Court of International Trade correctly notes that "a party who waits past the time of filing its 19 U.S.C. § 1520(c)(1) request to file supporting documentation risks an adverse decision by Customs in the interim." *Id.* While true, such an adverse decision does not preclude an importer from introducing additional evidence, documentary or otherwise, at trial *de novo* before the Court of International Trade under § 2640(a) to substantiate further the alleged mistake of fact. Congress clearly envisioned a liberal mecha-

---

**5.** In this case, Customs refused ITT's § 1520(c)(1) requests because Customs believed the asserted errors to be wholly outside the scope of the statute. Had Customs not erred in categorizing ITT's requests as claiming errors involving the construction of law, Customs presumably would have notified ITT of its intention to deny ITT's requests for want of sufficient proof that

the mistakes of fact were manifest from the record or established by documentary evidence. Whereas under such circumstances ITT might have been able to submit all its supporting evidence to Customs before the reliquidation decisions, ITT in this case never had the opportunity to do so.

nism for the correction of the specific inadvertences set forth in § 1520(c)(1). The legislative history to § 1520(c)(1) emphasizes the remedial purpose of the statute. *See Hearings on H.R. 5505 to Amend Certain Provisions of the Tariff Act of 1930 Before the Senate Comm. on Fin.*, 82d Cong., 2d Sess., at 30 (Comm.Print 1952) (statement of John S. Graham, Assistant Secretary, Department of Treasury) ("In the thousands of customs transactions, many such mistakes occur which should be corrected in order to do justice to the importing public. The Government has no interest in retaining duties which were improperly collected as a result of clerical error, mistake of fact, or inadvertence."); *Hearings on H.R. 1535 to Amend Certain Provisions of the Tariff Act of 1930 Before the House Comm. on Ways and Means*, 82d Cong., 1st Sess., at 172 (Comm. Print 1951) (statement of Philip Nichols, Jr., Assistant General Counsel, Treasury Department) (Notwithstanding "the finality provisions of the tariff act ... we think it would greatly facilitate our treatment in dealing with and handling the public, and consequently enhancing the efficiency of the customs service, if plainly meritorious claims for the correction of errors could be acted on."); *id.* at 27 ("The refusal to correct patent errors causes hardship, needlessly injures public goodwill toward the customs service and public acceptance of the customs laws, and constitutes a psychological handicap to international trade."). The remedial purpose of § 1520(c)(1) would be substantially frustrated by the harsh results that could flow from a rule that a timely assertion of a mistake of fact cannot be proven at a trial *de novo* after Customs denies the reliquidation request.

Furthermore, by establishing a statutory scheme for review of Customs' denial of a § 1520(c)(1) reliquidation request in a trial *de novo* before the Court of International Trade under 28 U.S.C. § 2640(a), Congress contemplated the evaluation of evidence beyond that considered by Customs. *See United States v. Daewoo Int'l (Am.) Corp.*, 696 F.Supp. 1534, 1542 (Ct.Int'l Trade 1988) (characterizing the requirement of trial *de novo* as a review in which the court makes its own findings of fact "as opposed to referring to those on the agency record."). The Court of International Trade in this case correctly noted that an importer must provide Customs with information adequate to demonstrate a mistake of fact manifest from the record or established by documentary evidence *before* Customs' reliquidation decision in order for Customs to correct such an error *in the first instance.* However, evidence that can be considered at the trial *de novo* before the Court of International Trade to prove the truth of assertions made by ITT to Customs is not limited to merely that which is contained in the administrative record before Customs.[6] Such a restriction would undermine the importer's statutory right to a trial *de novo.* We therefore hold that the Court of International Trade improperly limited the basis of its decision regarding entitlement to reliquidation under § 1520(c)(1) to evidence submitted by ITT to Customs before the reliquidation decision.

## V

As stated above, ITT provided sufficient evidence at trial to enable the Court of International Trade to find that a mistake of fact had occurred in the liquidation of ITT's merchandise and that the correct classification of ITT's merchandise was TSUS item 692.24 and not 692.32. Based on these findings and our interpretation of § 1520(c)(1) and § 2640(a), we conclude that ITT is entitled to reliquidation under TSUS item 692.24. The judgment of the Court of International Trade is therefore

*REVERSED.*

---

**6.** Our holding should come as no surprise to Customs, which asserted that "[i]t is not sufficient for ITT's witnesses to declare that 'a mistake of fact or inadvertence' occurred. Rather they must testify or present other credible proof of the underlying facts that demonstrate the existence of such error.... In sum, *at trial*, ITT bears the burden of establishing [the customs broker's] alleged 'mistake of fact or other inadvertence,' by demonstrating the underlying facts needed for this Court to conclude that such allegation is proven." Def.'s Pretrial Mem. of Law at 13–14 (emphasis added).