Accordingly, defendant's motion for a stay of discovery is granted, but without prejudice to plaintiff's filing of proper notices of deposition and subpoenas complying with CIT Rule 30(b)(4), if plaintiff is so advised.

**EVERFLORA MIAMI, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 94–07–00401.**
**Slip Op. 95–58.**

United States Court of
International Trade.

April 4, 1995.

244

Peter S. Herrick, Miami, FL, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice (Carla Garcia–Benitez); Chi S. Choy, Office of the Asst. Chief Counsel, U.S. Customs Service, Washington, DC, for U.S.

## OPINION AND ORDER

NEWMAN, Senior Judge:

### Introduction

Plaintiff, an importer of cut flowers from Colombia through the Miami, Florida Customs District, brings this action pursuant to 28 U.S.C. § 1581(a), 19 U.S.C. §§ 1514(a), 1515 and 1520(c)(1). There is an outstanding antidumping duty order issued by the United States Department of Commerce ("Commerce") on cut flowers from Colombia, with the rate of dumping duty to be assessed in liquidation of an entry by the United States Customs Service ("Customs") dependent upon the margin of dumping assigned by Commerce to the grower/shipper of the flowers in an entry. This action involves four protests against the assessment of dumping duties in liquidation of forty-three entries of cut flowers.

The gravamen of the complaint is Customs' denial in part of the four protests as untimely filed under § 1514; alternatively, plaintiff contests Customs' refusal to reliquidate the entries covered by the untimely protests in accordance with § 1520(c)(1) predicated on timely notice in the protests of mistake of fact or other inadvertence relative to the identity of the Colombian grower/shippers in the entries.

## Background

In denying the four protests in part under § 1515, Customs found that in forty-two of forty-three entries, the protests had been filed more than ninety days after liquidation, and hence were time-barred under § 1514 relative to such forty-two entries. Defendant moves for severance from this civil action of all entries except Entry No. 381–0064412–9 and of all protests except Protest No. 5201–93–10057 to the extent that such protest covers Entry No. 381–0064412–9; docketing of a separate severed action, Court No. 94–07–00401–S, to cover the severed entries and protests; and for partial judgment on the pleadings (or alternatively, for summary judgment) dismissing such severed action for lack of jurisdiction and/or for failure to state a claim upon which relief may be granted.

In short, Customs at Miami found that one of the four protests, Protest No. 5201–93–100410 of February 1, 1993 filed 87 days after the date of liquidation of Entry No. 381–0064412 on November 6, 1992, was timely filed regarding said single entry. Defendant concedes the court has jurisdiction to that extent.

Plaintiff has responded to defendant's motion for severance and partial judgment on the pleadings with a cross-motion for summary judgment.

## Parties' Contentions

Plaintiff asserts that the protests put Customs on timely notice of mistake of fact or inadvertence regarding the identity of the grower/shippers of the cut flowers and the correct rate of dumping duty as assigned by Commerce; that contrary to Customs' normal practice of immediately denying untimely protests, the Miami District delayed denial until after the expiration of the one year time limit for filing requests for reliquidation, thus precluding plaintiff from filing timely requests for reliquidation under § 1520(c)(1); and that since Customs failed to immediately deny the untimely protests, the latter put Customs on notice of mistake of fact as to the grower/shippers and of the correct rate of dumping duties, the untimely protests must now be accepted as timely requests for reliquidation under § 1520(c)(1).

Finally, in support of its cross-motion for summary judgment, plaintiff argues there is no genuine issue of material fact for trial and alleges that at the time of liquidation of the entries with assessment of dumping duties Customs was unaware of the identity of the shipper/growers in the entries; that Customs has relied on plaintiff's identification of the actual grower/shippers in reliquidating other entries; and that the practice of the Miami Customs District is to reliquidate plaintiff's entries at the applicable dumping duty rate assigned by Commerce upon plaintiff's furnishing of information as to the identity of the grower/shipper in an entry.

Defendant contends that the untimely protests were not sufficient as notices that "clerical error, mistake of fact or other inadvertence" had occurred, and hence were not sufficient as requests for reliquidation under § 1520(c)(1). Further, defendant insists that even assuming *arguendo* that the protests were requests for reliquidation under § 1520(c)(1), the court nonetheless lacks jurisdiction since plaintiff failed to protest the refusals to reliquidate, as required by § 1514(a)(7) or otherwise apprise Customs that the protests should be reviewed, alternatively, under § 1520(c)(1).

Defendant further opposes the cross-motion for summary judgment contending there are genuine issues of material fact as to the identity of the grower/shipper and Customs' alleged mistake of fact in that regard.

## Discussion

### I.

Fundamentally, jurisdiction is a threshold issue. Where, as here, jurisdiction is invoked under 28 U.S.C. § 1581(a) and is placed in issue by defendant, plaintiff must establish that it filed a timely protest and such protest was denied. *Computime, Inc. v. United States,* 8 CIT 259, 262, 601 F.Supp. 1029, 1031, *aff'd* 772 F.2d 874 (1985); *Pope Products, Div. of Purex v. United States,* 15 CIT 279, 281, 1991 WL 117814 (1991). Basically, there are two alternative predicates for § 1581(a) jurisdiction urged by plaintiff: (1) denial of protests against the liquidation of entries for untimeliness; and (2) denial of

protests against refusals to reliquidate the entries for mistake of fact or other inadvertence pursuant to § 1520(c)(1), whether or not valid protests were filed against the liquidations.

■ If protests against liquidation of entries are not timely filed, the liquidations become final and conclusive, except for claims under § 1520 and other statutory exceptions from finality under § 1514. As established by the official file, plaintiff's protests against the liquidations were time-barred under § 1514—not filed within ninety days after the dates of liquidation—as to all entries except Entry No. 381–0064412–9. Therefore, except as to Entry No. 381–0064412–9 (for which the protest was timely filed), and except for the limited relief available under § 1520(c)(1) as to the other forty-two entries, if any, the court lacks jurisdiction.

## II.

The court turns to plaintiff's proposed alternative basis of jurisdiction under 28 U.S.C. § 1581(a) by treating the untimely protests as timely requests for reliquidation under 19 U.S.C. § 1520(c)(1). That statute reads:

(c) **Reliquidation of entry.**

Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction; * * *

Accordingly, under the provisions of §§ 1514 and 1520(c)(1), notwithstanding that an importer has failed to file a valid protest, Customs may still reliquidate an entry under the limited conditions and circumstances specified in § 1520(c)(1), set forth above. It is now established by judicial fiat that § 1520(c)(1) requires only that Customs be put on proper notice of the error, mistake of fact or other inadvertence within the one year time limitation and that, whether or not supporting documentation is submitted to Customs within the one year period, the importer may substantiate the claimed mistake of fact or other inadvertence by proof offered at a trial *de novo*. *ITT Corp. v. United States*, 24 F.3d 1384 (Fed.Cir.1994); *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust.Ct. 17, 336 F.Supp. 1395 (1972), *aff'd on other grounds*, 499 F.2d 1277, (CCPA 1974).

Plaintiff stresses that when liquidating the entries Customs was unaware of the identity of the shipper/growers and assessed an incorrect rate of dumping duties; that the four protests were filed well within one year from liquidation and apprised Customs of the identity of the actual grower/shippers and the correct rate of dumping duty assigned by Commerce to the grower/shipper in the entries; and that therefore, the protests comport with a critical condition precedent to relief under § 1520(c)(1) that the mistake or inadvertence be brought to Customs' attention with one year of liquidation.

The threshold question under § 1520(c)(1) is whether plaintiff's protests put Customs on notice of the alleged error, mistake of fact or inadvertence in liquidating the entries concerning the identity of the shipper/grower and the corresponding rate of antidumping duty. with regard to notice, the importer must assert the existence of a mistake of fact or inadvertence to Customs "with sufficient particularity to allow remedial action." *ITT Corp.*, 24 F.3d at 1387. Regarding the latter, defendant posits that such requirement is met only if the importer requests relief predicated expressly on § 1520(c)(1).

Although plaintiff did not specifically claim that it was seeking relief under § 1520(c)(1), in compliance with *ITT* the gravamen of plaintiff's claims is spelled out with sufficient particularity in the protests and attached documents to allow remedial action for mistake of fact or other inadvertence under § 1520(c)(1): Customs made a mistake as to

the identity of the grower/shippers in the entries, and consequently, miscalculated the dumping duties to be assessed in liquidation.

■ However, the court must agree with defendant that even granting plaintiff's protests put Customs on adequate notice of mistake of fact and its claim for relief under § 1520(c)(1), the court still lacks jurisdiction except for Entry No. 381–0064412–9 because Customs refused to reliquidate the entries, but plaintiff failed to file a protest under § 1514(a)(7) against Customs' refusal to reliquidate or otherwise seek administrative review of Customs' decision to refuse reliquidation of the entries. Significantly, pursuant to § 1514(a)(7), Customs' refusal to reliquidate under § 1520(c)(1) is itself a protestable decision, which unless timely protested, becomes "final and conclusive" as to all persons. *Hambro Automotive Corp. v. United States,* 603 F.2d 850, 853 (CCPA 1979); *see also New Zealand Lamb Co. v. United States,* 866 F.Supp. 573, 575 (CIT 1994). In short, as aptly pointed out by defendant, plaintiff took no action whatever at the administrative level following denial of the protests to alert Customs that plaintiff alternatively sought relief under § 1520(c)(1).

Thus, not only did the liquidations become final and conclusive because of plaintiff's failure to file timely protests against the liquidations, except as to Entry No. 381–0064412–9, but plaintiff also failed to contest Customs' refusals to reliquidate the entries under § 1520(c)(1), as required by 19 U.S.C. § 1514(a)(7). Hence, the court is constrained to agree with defendant that even treating the untimely protests as adequate notices of mistake of fact and requests for reliquidation pursuant to § 1520(c)(1), "[n]ot having filed timely protests as prescribed by § 1514 [contesting Customs's refusal to reliquidate, plaintiff] relinquished its access to court." *Hambro Automotive Corp.,* 603 F.2d at 853; *see also New Zealand Lamb Co.,* 866 F.Supp. at 575 (After denial of a claim pursuant to 19

U.S.C. § 1520(c)(1), a plaintiff is required to file a protest [against refusal to reliquidate] ).

*George Weintraub & Sons, Inc. v. United States,* 12 CIT 643, 691 F.Supp. 1449 (1988), *vacated* 855 F.Supp. 401 (CIT 1994), relied on by plaintiff, is distinguishable because the *Weintraub* court viewed plaintiff's request for further review as a timely protest of Customs' denial of plaintiff's request for reliquidation. In the current case, plaintiff did not request further review, challenge the protest denials in any manner, or apprise Customs that plaintiff alternatively sought relief under § 1520(c)(1), and hence the court lacks jurisdiction over all entries except as noted *infra.*

### III.

Inasmuch as the court concededly has jurisdiction with respect to Entry No. 381–0064412–9, covered by Protest No. 5201–93–100410, the court now reaches plaintiff's cross-motion for a summary judgment.

■ The cross-motion is denied. In support of its statement of material facts not in dispute, plaintiff submitted no affidavit, deposition, or admissions supporting its bald factual assertions as to the identity of the entities that were the grower/shippers, the alleged mistake by Customs, or Customs' alleged practice in reliquidating entries based on plaintiff's protests.[1] Defendant's responsive statement disputes the critical factual assertions of plaintiff while plaintiff's protests identified certain entities as the grower/shippers of the flowers covered by the entries, defendant avers that in reliquidating certain entries for mistake as to the grower/shipper and the applicable rate of dumping duties, Customs relied only on a contemporaneous purchase invoice, packing list, and/or an airway bill.

Accordingly, as plaintiff has failed to establish there is no genuine issue as to any material fact for trial, plaintiff's cross-motion

---

1. The only affidavit submitted by plaintiff was in connection with its "Notice of Newly Discovered Evidence," filed with a supplemental reply to defendant's response. In substance, the affiant, counsel for plaintiff, cites one totally unrelated example of where on February 15, 1995 the Miami Customs District was very prompt in denying an untimely filed protest. Since the court finds that plaintiff's protests alternatively constituted timely requests for reliquidation under § 1520(c)(1), plaintiff was not prejudiced by Customs' failure to immediately deny the protests for untimeliness.

for summary judgment is denied. CIT Rule 56(d); *ITT Corp., supra. Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

### *Order*

For the foregoing reasons, it is hereby ORDERED:

1. This action is severed as to all entries except Entry No. 381–0064412–9 and all protests except Protest No. 5201–93–10057 to the extent that it covers Entry No. 381–0064412–9;

2. The severed entries and protests shall be covered by Court No. 94–07–00401–S;

3. Court No. 94–07–00401–S is hereby dismissed. Judgment of dismissal shall be entered accordingly.

4. Plaintiff's cross-motion for summary judgment in Court No. 94–07–00401 covering Entry No. 381–0064412–9 is denied.

5. The parties shall file with the court within thirty days of the entry of this order a proposed joint scheduling order, as provided by CIT Rule 16.

IT IS HEREBY, ORDERED, ADJUDGED, and DECREED:

This severed action is dismissed for lack of jurisdiction.