PROSEGUR, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 94–10–00586

(Decided December 13, 1995)

*Peter S. Herrick* for the Plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office; *Susan Burnett Mansfield,* Senior Trial Counsel, Dept. of Justice, Civil Division, Commercial Litigation Branch for the Defendant.

### MEMORANDUM OPINION AND ORDER

POGUE, *Judge:* Plaintiff's imported merchandise was entered duty free into the United States on April 3, 1992. On August 13, 1993, Customs liquidated the goods at a rate of 6.5% *ad valorem.* Plaintiff wrote to Customs on March 18, 1994, objecting to the liquidation. Customs treated this letter as a protest, which it then denied as untimely. Plaintiff subsequently filed a summons with this Court to review Customs' administrative decision.

Defendant moves the Court of International Trade to dismiss this action for lack of jurisdiction. The Court's jurisdiction under 28 U.S.C. § 1581(a) is invoked if and only if the Plaintiff importer completed its administrative review process. *See, Everflora Miami, Inc. v. United States,* 19 CIT ___, 885 F. Supp. 243 (1995); *Computime, Inc., v. United States,* 8 CIT 259, 601 F. Supp. 1029, *aff'd,* 772 F.2d 874 (1985).

This Court recognizes that Customs' correspondence with the Plaintiff was possibly misleading, and that unambiguous instructions to the

Plaintiff regarding the administrative process would have prevented Plaintiff's premature suit in this Court. Customs' reply to Plaintiff's initial protest was seemingly a final and conclusive administrative decision, and suggested that the next step for Plaintiff was to file a summons with the CIT. At the same time, we anticipate the opportunity to thoroughly examine the substantive issues in this dispute in the companion suit, subsequently filed by Plaintiff, Court No. 95–10–01305.

Plaintiff petitioned this Court prematurely before providing Customs the full opportunity to remedy the dispute. This Court must, therefore, grant Defendant's motion to dismiss this action. Accordingly, it is hereby:

ORDERED that Defendant's motion to dismiss is granted; and it is further

ORDERED that this action is dismissed without prejudice.