COATS & CLARK, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 95–01–00082

(Decided October 28, 1996)

*Neville, Peterson & Williams* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office; *James A. Curley,* Civil Division, Dept. of Justice, Commercial Litigation Branch.

## MEMORANDUM OPINION AND ORDER

POGUE, *Judge:* This case is before the court on defendant's motion to dismiss pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction and (5) failure to state a claim on which relief can be granted. The plaintiff has not responded to defendant's motion.

The plaintiff imported sewing thread, which was liquidated under HTSUS subheading 5509.22.00.10 on May 20, 1994. The plaintiff filed a protest against the liquidation on August 19, 1994, which was denied on August 24, 1994, as untimely.

The plaintiff alleges in paragraph 1 of the complaint that the trial court has jurisdiction under 28 U.S.C. §1581(a), which provides as follows:

> The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

A protest, however, must be filed with Customs within 90 days after notice of liquidation. 19 U.S.C. §1514(c)(2) (Supp. 1993). The plaintiff's protest here was filed on August 19, 1994, which was 91 days after liquidation.

When a timely protest is not filed, the liquidation decision became final. 19 U.S.C. §1514(a) ("* * * decisions of the appropriate customs officer * * * shall be final and conclusive unless a protest is filed in accordance with this section* * *"). In the absence of a timely protest, the Court lacks jurisdiction under § 1581(a). *New Zealand Lamb Co. v. United States,* 40 F.3d 377, 380 (Fed. Cir. 1994); *Hambro Automotive Corp. v. United States,* 603 F.2d 850, 853 (CCPA 1979); *Everflora Miami, Inc. v. United States,* 19 CIT 488, 885 F. Supp. 243, 246 (1995), *aff'd* without published opinion, 86 F.3d 1174 (Fed. Cir. 1996).

Accordingly, the action will be dismissed.