**TABAN COMPANY, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 97–27.**
**Court No. 94–05–00305.**

United States Court of
International Trade.

Feb. 25, 1997.

Stedina & Deem (Charles P. Deem ), Rahway, NJ, for plaintiff.

Frank W. Hunger, Assistant Attorney General of the United States, Washington, DC; Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Mikki Graves Walser), Beth C. Brotman, Office of the Assistant Chief Counsel, United States Customs Service, New York City, of counsel, for defendant.

## OPINION

CARMAN, Chief Judge:

This case is before the Court on cross-motions for summary judgment pursuant to U.S. CIT R. 56. Plaintiff, Taban Company ("Taban"), challenges the United States Customs Service's ("Customs") denial of its request pursuant to 19 U.S.C. § 1520(c)(1) (1988) for reliquidation of four entries of stereos. Plaintiff contends the four entries were classified under the wrong tariff provision due to a mistake of fact by plaintiff's broker and due to a subsequent mistake of fact by Customs as to the physical nature of the merchandise in question. Plaintiff seeks reclassification and reliquidation of the merchandise under 8527.31.40, HTSUS at the duty rate of 3.7% *ad valorem*, a refund of the excess duty paid, as well as interest as provided by law.

Defendant contends plaintiff has not demonstrated any mistake of fact involving Customs or plaintiff's broker, but only a mistake in the construction of law, which is not remediable by the section of the statute under which plaintiff brings this action. As a result, defendant requests this Court deny plaintiff's motion, grant defendant's cross-motion and dismiss the action. This Court has jurisdiction under 28 U.S.C. § 1581(a) (1994) and this action is before the Court for *de novo* review under 28 U.S.C. § 2640(a)(1) (1994). For the reasons which follow, this Court grants in part and denies in part plaintiff's motion for summary judgment and grants in part and denies in part defendant's cross-motion for summary judgment.

## BACKGROUND

### A. Subject Merchandise

At issue are four entries of Sony Brand Home Stereos, Model Numbers FH–636CD,

FH–838CD, and FH–B150, (Pl.'s Stmt. of Mater. Facts Not in Issue ("Pl.'s Stmt.") at ¶ 2; Def.'s Resp. ¶ 2), consisting of dual tape cassette combination stereos, each of which incorporates a tape player incapable of recording. (Pl.'s Stmt. ¶ 4; Def.'s Resp. ¶ 4.) The following chart lists the entries of the merchandise, as well as their dates of entry and liquidation.

| Entry Number | Entry Date | Liquidation Date |
| --- | --- | --- |
| 917–0024093–9 | 03/12/92 | 07/17/92 |
| 917–0024311–5 | 03/14/92 | 07/17/92 |
| 917–0024494–9 | 04/07/92 | 07/24/92 |
| 917–0025583–8 | 07/25/92 | 11/13/92 |

### B. Statutory Provisions

Plaintiff relies on the following provisions of the Harmonized Tariff Schedules of the United States ("HTSUS"): [1]

8527 Reception apparatus for radiotelephony, radiotelegraphy or radiobroadcasting, whether or not combined, in the same housing, with sound recording or reproducing apparatus or a clock:

. . . .

Other radiobroadcast receivers, including apparatus capable of receiving also radiotelephony or radiotelegraphy:

8527.31 Combined with sound recording or reproducing apparatus:

8527.31.05 Articles designed for connection to telegraphic or telephonic apparatus or instruments or to telegraphic or telephonic networks . . .

Other:

8527.31.40 Combinations incorporating tape players which are incapable of recording . . . 3.7%

Defendant relies on the following HTSUS provision:

8527 Reception apparatus for radiotelephony, radiotelegraphy or radiobroadcasting, whether or not combined, in the same housing, with sound recording or reproducing apparatus or a clock:

Radiobroadcast receivers capable of operating without an external source of power, including apparatus capable of receiving also radiotelephony or radiotelegraphy:

. . . .

8527.11 Combined with sound recording or reproducing apparatus:

. . . .

8527.19.00 Other . . . 6%

8527.31.50 Other combinations incorporating tape recorders . . . 4.9%

---

### C. Customs Service Classification

Aspen Forwarders & Customs House Brokers, Incorporated ("plaintiff's broker" or "broker") entered the merchandise at issue on behalf of plaintiff under subheading 8527.19.00, HTSUS, the provision which covers radiobroadcast receivers capable of operating without an external source of power.

Customs subsequently classified and liquidated the merchandise pursuant to that subheading and imposed duties at the rate of 6% ad valorem.

### D. Plaintiff's Request for Reliquidation

On August 7, 1992, Customs issued Headquarters Ruling ("HQ") 950882, which

---

1. The HTSUS provisions cited by this Court appear in HTSUS (4th ed. 1992 & Supp. 1).

changed the classification and thereby reduced the rate of duty imposed on dual cassette stereo combinations. HQ 950882 stated certain combination stereos with AM/FM radio, incorporating dual cassette decks with tape players incapable of recording, were classifiable under subheading 8527.31.40, HTSUS and dutiable at 3.7% *ad valorem.* (HQ 950882 at 2, *reprinted in* Mem. in Supp. of Pl.'s Mot. for Summ. J. ("Pl.'s Br.") at Ex. A.) Prior to this headquarters ruling, Customs had classified such merchandise as "other combinations incorporating tape recorders" under subheading 8527.31.50 pursuant to HQ 087179, which did not distinguish between combination stereos incorporating tape players capable or incapable of recording and which assessed a duty of 4.9% *ad valorem.* (Mem. in Opp'n to Pl.'s Mot. for Summ. J. & in Supp. of Def.'s Cross–Mot. for Summ. J. ("Def.'s Br.") at 12–13.)

Customs officials handling the subject merchandise at the port of New York were aware of the pending or actual issuance of HQ 950882 prior to or within ninety days after liquidation of plaintiff's merchandise, (Pl.'s Stmt. ¶ 6; Def.'s Resp. ¶ 6), but were unaware prior to plaintiff's requests for relief under 19 U.S.C. § 1520(c)(1) (1988) that plaintiff's merchandise consisted of articles covered by the ruling. (Pl.'s Stmt. ¶ 7.)

By letters dated July 16, 17, 20 and 27, 1993, more than ninety days but less than one year after the dates of liquidation, plaintiff's broker filed timely requests for reliquidation pursuant to 19 U.S.C. § 1520(c)(1) (1988), claiming the subject merchandise had been entered under the "wrong harmonized number," and requesting the merchandise be reliquidated under subheading 8527.31.40, HTSUS with duties assessed at a rate of at 3.7% *ad valorem.* (Def. Br. at Exs. 1, 4, 7, 9.) Plaintiff claimed its broker and Customs made mistakes of fact as to the physical nature of the stereos and did not know the merchandise consisted of dual tape combina-tion stereos, each of which incorporated a tape player which was incapable of recording.

By letters dated August 25 and August 26, 1993, Customs denied plaintiff's requests for reliquidation, determining "there is no clerical error, mistake of fact, or other inadvertence correctable under Section 520(c)(1)." (Def.'s Br. at Exs. 2, 5, 10.) Customs indicated the subject of plaintiff's claim fell within the scope of Section 514 of the Tariff Act of 1930, as amended, but as plaintiff had not filed its reliquidation requests within the ninety-day time limit prescribed by Section 514, Customs indicated it could not afford plaintiff review under that section of the statute. (Def.'s Br. at 2–3.) After Customs' denial of plaintiff's timely protests of Customs' refusal to reliquidate, plaintiff commenced this action, challenging Customs' refusal to reliquidate the entries of the merchandise in question under 19 U.S.C. § 1520(c)(1) (1988).

## Contentions of the Parties

### A. *Plaintiff*

Plaintiff contends its broker, Cecilia Smith, was mistaken as to the physical nature of the subject merchandise, and as a result, incorrectly entered the merchandise under subheading 8527.19.00, HTSUS, instead of under subheading 8527.31.40, HTSUS. (Pl.'s Br. at 4.) Plaintiff explains its broker mistakenly believed the imported merchandise consisted of battery-operated, portable, radiobroadcast receivers not combined with sound recording or reproducing apparatus, as described in 8527.19.00, whereas the imports actually operate on alternating current (AC), are not battery operated and are nonportable radio broadcast receivers combined with sound recording or reproducing apparatus, *i.e.*, dual cassette tape decks, which incorporated tape players incapable of recording, as described in 8527.31.40.[2] (*Id*). Plaintiff argues "had

---

**2.** In her affidavit, Cecilia Smith, the broker responsible for preparing and submitting the entries, states

at the time I made these entries, I mistakenly believed the imported articles covered by the protests to be radiobroadcast receivers such as were described in HTSUS subheading

8527.19.00.... I did not then know that they were combination articles and included tape players which were incapable of recording. (Pl.'s Br. Ex. B at 1.) Ms. Smith stated subsequent to the filing and entry of the articles and more than ninety days after the most recent of their liquidations, she learned of both the true

the parties been aware of the true physical nature of the imports at the time they took action," the imports would have been entered under subheading 8527.31.50, HTSUS, dutiable at 6% *ad valorem*.[3] (Pl.'s Resp. To Def.'s Opp'n to Pl.'s Mot. For Summ. J. ("Pl.'s Resp.") at 2.) Plaintiff adds considering the limited description of the imports, the broker's mistake "seems reasonable." (Pl.'s Br. at 4.) Plaintiff acknowledges mistakes of law are "correctable only by timely protest," (*id.* at 5), but argues in this case, the broker "did not make any erroneous conclusion of law," but rather, drew the correct legal conclusion "[b]ased on the facts as she mistakenly understood them to be." (*Id.* at 4.) As a result, plaintiff argues subsequent to the expiration of the time limit for protesting the liquidations, but within one year after liquidation of the entries, the broker learned of the true nature of the goods and filed timely requests for relief under 19 U.S.C. § 1520(c)(1) (1988), by seeking reliquidation of the entries and refund of the excess duties that had been paid. (*Id.* at 1–2.)

Plaintiff notes Customs, "[p]resented with the same meager invoice descriptions as confronted the broker, ... accepted the erroneous entry classification, and liquidated the entries with no correction or change." (*Id.* at 4.) Further, plaintiff argues Customs' liquidation of the entries was subject to normal correction prior to their finality by either voluntary reliquidation by Customs,[4] or reliquidation under subheading 8527.31.40, HTSUS, at 3.7% *ad valorem* pursuant to protest. (*Id.* at 5.) Plaintiff, however, claims "because neither the broker nor Customs were [sic] aware that the imports were articles such as those the subject of HQ 950882, until long after the liquidations became final and binding on the parties, no normal correction of duty assessment was or could have been undertaken." (*Id.*) Plaintiff argues "the mistakes of fact were adverse to the importer as a matter of law, the applicable rate of duty for ... Taban's imports having been reduced by then from 6% to 3.7%." (*Id.*)

### B. *Defendant*

Defendant responds plaintiff's claim for reliquidation under 19 U.S.C. § 1520(c)(1) (1988) is improper because "plaintiff [did] not demonstrate[ ] any mistake of fact involving either its broker or the Customs Service." (Def.'s Br. at 7.) Instead, defendant maintains, plaintiff "has only shown a mistake in the application of the law," which cannot be remedied under 19 U.S.C. § 1520(c)(1) (1988). (*Id.* at 12.) Defendant further argues, "[t]he fact that the broker entered the merchandise under the provision which encompasses battery operated combination stereos, as opposed to the provision for alternating current combination stereos ... evidences that the broker exercised judgement and intention in considering its classification, albeit based upon insufficient information." (*Id.* at 13.) "Even if [plaintiff] could demonstrate that a mistake of fact occurred," defendant continues, a "broker mistake does not, as a matter of law, translate into a mistake of fact having been made by Customs. It is well established that a Customs officer's reliance upon erroneous data does

---

nature of the imports, as well as the ruling in HQ 950882, which changed the classification of and thus the duty rate for, the merchandise at issue.

**3.** While plaintiff's brief originally argued the imports would have been entered under 8527.31.50 at a duty of 6% *ad valorem*, plaintiff, after consulting with defendant, indicated to the Court in a letter dated February 10, 1997, that subheading 8527.31.50 actually assesses a duty of 4.9% *ad valorem* and not 6% *ad valorem* on merchandise covered by that subheading.

**4.** 19 U.S.C. § 1501 (1988), the section concerning voluntary reliquidation, states

A liquidation made in accordance with section 1500 of this title or any reliquidation thereof made in accordance with this section

may be reliquidated in any respect by the appropriate customs officer on his own initiative, notwithstanding the filing of a protest, within ninety days from the date on which notice of the original liquidation is given to the importer, his consignee or agent. Notice of such reliquidation shall be given in the manner prescribed with respect to original liquidations under section 1500(e) of this title.

19 U.S.C. § 1500 (1988). Plaintiff argues the purpose of voluntary reliquidation is to enable Customs officers to correct errors in the appraisement, classification, or any other element entering into the liquidation or reliquidation of the merchandise within the specified time period. *See* 19 C.F.R. § 173.3(a) (1992).

not constitute a clerical error or mistake by the Customs officer." (*Id.* at 15 (citations omitted).) In addition, defendant adds "it is fundamental that a determination by the Customs Service that merchandise is covered by a certain provision of the HTSUS is a conclusion of law. . . . Therefore, an erroneous classification of imported merchandise is not remediable as a mistake of fact under section 520(c)." (*Id.* at 16 (citations omitted).)

Defendant argues the first three entries were liquidated in conformance with HQ 087179, prior to the issuance of HQ 950882. Defendant maintains because it did not, at that time, distinguish between combination stereos incorporating tape players capable or incapable of recording, "the presentation of documentation concerning such features would have been unnecessary and irrelevant." (*Id.* at 13.) Defendant asserts

> [t]hree of the entries would have been classified at liquidation in the same provision even if the broker had advised Customs that the merchandise contained dual cassette players incapable of recording. Therefore, it follows that there was no mistake of fact made here which would be remediable under section 520(c)(1). In short, even if there was a "mistake of fact" here about the nature of the merchandise in these three entries at the time of entry and/or liquidation, it was not "adverse to the importer" because it did not alter the classification of the goods.

(*Id.* at 13–14.) With respect to the fourth entry, defendant argues even though it was liquidated after the issuance of HQ 950882, the merchandise was classified as entered in conformance with HQ 087179 based upon the information provided to Customs at the time.

Defendant also argues plaintiff "did not demonstrate any mistake of fact to Customs within one year of liquidation with sufficient particularity to allow remedial action as required by section 520(c)(1)." (*Id.* at 6–7.) The letters requesting reliquidation submitted by plaintiff's broker "only alleged that the imported merchandise was entered under the wrong HTSUS provision." (*Id.* at 18.) Defendant maintains although copies of the invoices and other descriptive material were submitted with the imported articles, "none of these documents offered guidance concerning any evaluation of a 'mistake of fact.' Taban's documentary evidence established only that there was a possible error in the construction of law." (*Id.* (footnote omitted).)

Finally, defendant counters "[i]f the broker was actually mistaken as to the nature of the imported merchandise, it should have made that mistake known to Customs by documentary evidence in a timely fashion." (*Id.* at 20 (citation omitted).) In the end, defendant suggests, plaintiff's claim that its broker made a mistake of fact in classifying the merchandise under subheading 8527.19.00, HTSUS, is an attempt to "circumvent the consequences of failing to file a timely section 514 protest." (*Id.*) Defendant argues the decision not to reliquidate the merchandise under subheading 8527.31.40, HTSUS, "was due only to the fact that a proper protest has not been filed under section 514." (*Id.* at 18 n. 6.) Defendant concludes

> plaintiff did not timely provide documentary information concerning factual error, *ie.,* that the broker was unaware of the nature of the goods at the time of entry or liquidation; rather it would appear that the broker made a judgment about the classification of these goods, which, it later considered incorrect. . . . [P]laintiff is belatedly attempting to transform a legal error into a factual one.

(*Id.* at 21 (citation omitted).)

## STANDARD OF REVIEW

 The government's classification decision is presumed to be correct, *see* 28 U.S.C. § 2639(a)(1) (1988 & Supp. V), and the party challenging the decision has the burden of overcoming the statutory presumption by a preponderance of the evidence. *See St. Paul Fire & Marine Ins. Co. v. United States,* 6 F.3d 763, 769 (Fed.Cir.1993). Where, as here, there are no material facts in dispute and only questions of law remain, plaintiff must show legal error to overcome the presumption of correctness. *See Commercial Aluminum Cookware Co. v. United States,* 938 F.Supp. 875, 881 (CIT 1996). If the Court finds, because of evidence or other

authority presented by plaintiff, that the presumption has been overcome, this Court must reach the correct classification on its own or after remand. *See Jarvis Clark Co. v. United States*, 2 Fed. Cir. (T) 70, 74–75, 733 F.2d 873, 878 (1984).

### DISCUSSION

#### A. Summary Judgment

■ This case is before the Court on cross-motions for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." U.S. CIT R. 56(d). "The Court will deny summary judgment if the parties present 'a dispute about a fact such that a reasonable trier of fact could return a verdict against the movant.'" *Ugg International, Inc. v. United States*, 17 CIT 79, 83, 813 F.Supp. 848, 852 (1993) (citation omitted). Both parties in this case agree there are no genuine issues of material fact which would prevent this Court from deciding this action on the basis of the pending motions for summary judgment. ( Pl.'s Br. at 3; Def.'s Br. at 9.)

#### B. Reliquidation

Section 514 of the Tariff Act of 1930, as amended, sets forth the procedure for an importer to protest the classification of merchandise when the importer believes Customs has misinterpreted the applicable law and improperly classified his merchandise. *See* 19 U.S.C. § 1514 (1988); *see also Boast, Inc. v. United States*, 17 CIT 114, 116, 1993 WL 45902 **1 (1993); *Occidental Oil & Gas Co. v. United States*, 13 CIT 244, 246, 1989 WL 30441 (1989). In general, Section 514 makes decisions regarding tariff treatment of merchandise "final and conclusive upon all persons" unless a protest is filed within ninety days of notice of liquidation. *See* 19 U.S.C. § 1514(a), (c)(2) (1988).

■ Section 520(c)(1) of the Tariff Act of 1930, as amended, establishes an exception to the finality of Section 514 by allowing reliqui-

dation of imported merchandise to correct clerical errors, mistakes of fact, or other inadvertencies not amounting to errors of law, if they are brought to the attention of the appropriate customs officer within one year of the date of liquidation. *See* 19 U.S.C. § 1520(c)(1) (1988). Section 520(c)(1) is not a remedy for all conceivable mistakes or inadvertencies adverse to the importer, but rather "offers 'limited relief in the situations defined therein.'" *PPG Industries, Inc. v. United States*, 7 CIT 118, 123, 1984 WL 3749 **4 (1984) (citation omitted). Section 520(c)(1) provides in relevant part:

#### (c) Reliquidation of entry

Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—

(1) a clerical error, *mistake of fact,* or other inadvertence *not amounting to an error in the construction of a law, adverse to the importer* and *manifest from the record* or *established by documentary evidence*, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction.

19 U.S.C. § 1520(c)(1) (1988) (emphasis added). The regulation implementing this portion of the statute, provides:

#### § 173.4 Correction of clerical error, mistake of fact, or inadvertence.

(a) *Authority to review and correct.* Even though a valid protest was not filed, the district director, upon timely application, may correct pursuant to ... 19 U.S.C. 1520(c)(1), a clerical error, mistake of fact, or other inadvertence meeting the requirements of paragraph (b) of this section, by reliquidation or other appropriate action.

(b) *Transactions which may be corrected.* Correction pursuant to ... 19 U.S.C. 1520(c)(1), may be made in any entry, liquidation, or other Customs

transaction if the clerical error, mistake of fact, or other inadvertence:

(1) Does not amount to an error in the construction of a law;

(2) Is adverse to the importer; and

(3) Is manifest from the record or established by documentary evidence.

(c) *Limitation on time for application.* A clerical error, mistake of fact, or other inadvertence ... shall be brought to the attention of the district director at the port of entry ... within 1 year after the date of liquidation or exaction.

19 C.F.R. § 173.4 (1992). Case law is clear that "[s]ection 1520(c)(1) does not afford a second bite at the apple to importers who fail to challenge Customs' decision within the 90–day period set forth in § 1514.... [U]nder no circumstances may the provisions of § 1520(c)(1) be employed to excuse the failure to satisfy the requirements of § 1514." *ITT Corp. v. United States,* 24 F.3d 1384, 1387 n.4 (Fed.Cir.1994). *See Boast, Inc.,* 17 CIT at 116, 1993 WL 45902 **3 ("It is well-established ... [§ 1520(c)(1) ] 'is not an alternative to the normal liquidation-protest method of obtaining review [under § 1514], but rather affords limited relief where an unnoticed or unintentional error has been committed.' ") (quoting *Computime, Inc. v. United States,* 9 CIT 553, 556, 622 F.Supp. 1083, 1085 (1985) (further quotation and citations omitted)).

In this case, plaintiff could not have filed protests against the liquidations under 19 U.S.C. § 1514 (1988), because they would have been time-barred. (Pl.'s Br. Ex. B at 2.) Instead, plaintiff brings its protest pursuant to 19 U.S.C. § 1520(c) (1988), arguing its broker and Customs made mistakes of fact which were adverse to the importer, manifest from the record or established by documentary evidence and brought to the attention of Customs within one year after the dates of liquidation as required by 19 U.S.C. § 1520(c)(1) (1988). (Pl.'s Br. at 6.) Defendant maintains plaintiff's protest only could have been pursued under 19 U.S.C.

§ 1514 (1988) and, as a result, is now untimely.

Based on the statutory provisions set forth above, the question before this Court is whether plaintiff has overcome the presumption of correctness attaching to Customs' decision not to reliquidate the entries of the subject merchandise pursuant to plaintiff's requests for reliquidation under Section 520(c)(1). This question turns on whether Customs is correct in arguing plaintiff's broker made no mistake of fact when she classified all of the entries under subheading 8527.19.00, HTSUS instead of under subheading 8527.31.40, HTSUS. If the mistake is one of law, as Customs maintains, plaintiff has no relief for any of the entries because plaintiff did not protest Customs' classification decision within the ninety-day period required by 19 U.S.C. § 1514(c)(2) (1988). If, however, this Court finds the mistake is one of fact, the issue turns on whether plaintiff met the requirements of 19 C.F.R. § 173.4 (1992).

### C. The Entries at Issue

The first two entries were liquidated on July 17, 1992 and the third entry was liquidated on July 24, 1992, less than thirty days prior to the issuance of HQ 950882 on August 7, 1992. The fourth entry, entry 917–0025583–8, was entered prior to the issuance of HQ 950882 on August 7, 1992, and was liquidated on November 13, 1992, approximately three months after the issuance of HQ 950882.

■ As set out above, the regulation implementing 19 U.S.C. § 1520(c)(1) (1988) requires three conditions be satisfied before the appropriate customs officer is authorized to reliquidate an entry to correct a "mistake of fact." [5] The regulation requires the mistake to be (1) not an error in the construction of a law; (2) adverse to the importer; and (3) manifest from the record or established by documentary evidence. *See* 19 C.F.R. § 173.4(b)(1)–(3) (1992). This Court notes

---

**5.** 19 U.S.C. § 1520(c)(1) (1988) also addresses clerical errors or other inadvertencies. Plaintiff does not contend that entry or classification by its broker or Customs involved either a clerical

error or an inadvertence. Plaintiff relies solely on the "mistake of fact" element of 19 U.S.C. § 1520(c)(1) (1988).

plaintiff's letters to Customs requesting reliquidation of the entries at issue were submitted within one year of liquidation, thus satisfying the timeliness requirement of 19 U.S.C. § 1520(c)(1) (1988).

### (1) Mistake of Fact

Plaintiff argues it satisfies the regulation's first requirement—that the mistake must be one that "[d]oes not amount to an error in the construction of a law." 19 C.F.R. § 173.4(b)(1) (1992). Plaintiff contends both its broker and Customs made mistakes of fact when they entered and liquidated the merchandise because they misunderstood its physical nature. Defendant, however, argues Customs' classification and assessment of duties "was not based on a factual determination that they consisted of dual tape combination stereos incorporating a tape player incapable of recording." (Def.'s Resp. ¶ 3.) Rather, defendant asserts, "[p]laintiff's broker exercised judgment and intention when it entered the imported merchandise." (Def.'s Br. at 7.) Additionally, defendant asserts "plaintiff has not demonstrated any mistake of fact involving either its broker or the Customs Service." (Id.)

In *Hambro Automotive Corp. v. United States,* 66 C.C.P.A. 113, 118, 603 F.2d 850, 854 (1979) (quoting 58 C.J.S. Mistake p. 852), the United States Court of Customs and Patent Appeals held "[a] 'mistake of fact exists where a person understands the facts to be other than they are'" and takes some action based on that erroneous belief, "'whereas a mistake of law exists where a person knows the facts as they really are but has a mistaken belief as to the legal consequences of the facts,'" and acts on that mistaken belief. *See Degussa Canada Ltd. v. United States,* 87 F.3d 1301, 1304 (Fed.Cir. 1996) ("A 'mistake of fact . . . in [the] liquidation' is a factual error that, if the correct fact had been known, would have resulted in a different classification."); *Boast, Inc.,* 17 CIT at 116, 1993 WL 45902 **1 (a mistake of fact has been defined as "'a mistake which takes place when some fact which indeed exists is unknown, or a fact which is thought to exist, in reality does not exist'" (quoting *C.J. Tower & Sons of Buffalo, Inc. v. United*

*States,* 68 Cust. Ct. 17, 22, 336 F.Supp. 1395, 1399 (1972), *aff'd,* 61 C.C.P.A. 90, 499 F.2d 1277 (1974))). An error in the construction of law, however, would occur when

> the exact physical properties of certain merchandise and all other pertinent facts for classification of that merchandise are known. In applying the law the merchandise is classified as an entirety but it should have been classified as separate articles. Or the claim is made that an appraiser acts on incomplete information but the appraiser concludes he would have acted in the same way even if the missing information had been before him. If the appraiser errs in such a case, he commits error of law.

*PPG Industries, Inc.,* 7 CIT at 123–24, 1984 WL 3749 **5 (1984) (quoting 94 Treas. Dec. 244, 246, T.D. 54848 (1959)).

Decisions of this Court have established a distinction between cases involving a mistake of law and those involving a mistake of fact based on whether the importer had actual knowledge of the nature and use of the good at issue. In cases where the Court has concluded an importer did not know the facts as they really were, and therefore lacked true knowledge of the ultimate character of the merchandise, the Court has found a mistake of fact existed. *See, e.g., Universal Cooperatives, Inc. v. United States,* 13 CIT 516, 518, 715 F.Supp. 1113, 1114 (1989) (distinguishing "decisional" mistakes, where party makes wrong choice between two known alternate set of facts, and "ignorant" mistakes, where party is unaware of the existence of the correct set of facts; holding decisional mistakes must be challenged by protest under 19 U.S.C. § 1514 (1992), whereas ignorant mistakes may be remedied pursuant to 19 U.S.C. § 1520(c) (1988)); cf. *Degussa Canada Ltd.,* 87 F.3d at 1304 (holding no mistake of fact where there was no factual misapprehension about the nature of the imported merchandise); *PPG Industries, Inc.,* 7 CIT at 125, 1984 WL 3749 **6 (holding mistake of law exists when importer is fully aware of merchandise's nature but believes the legal consequences of entering it to be other than what they were); *Hambro Automotive Corp.,* 66 C.C.P.A. at 119, 603

F.2d at 855 (finding mistake of law exists when exporter knew the facts regarding the cost of production but erred in the assessment of those costs under the applicable law).

Based upon the above precedent, this Court finds plaintiff's broker made a mistake of fact when she entered the merchandise believing it to be radiobroadcast receivers instead of combination articles. This Court finds the "exact physical properties" of the merchandise were not known to the broker or to Customs in this case. This Court notes the claim in the broker's affidavit that she "mistakenly believed the imported articles covered by the protests to be radiobroadcast receivers such as were described in HTSUS subheading 8527.19.00" and she "did not then know that they were combination articles and included tape players which were incapable of recording." (Pl.'s Br. Ex. C at 1.) The Court also notes defendant's Response to Plaintiff's First Set of Interrogatories, which states "[t]he involved commodity team was not apprised by plaintiff, and therefore had no knowledge, at the time of entry and/or classification, that models covered by these entries consist of dual tape cassette combination stereos." (Pl.'s Br. Ex. G at 2.) As a result, this Court finds plaintiff's broker understood the facts to be other than what they were and made a mistake of fact based on her erroneous belief.

In *C.J. Tower & Sons of Buffalo Inc. v. United States*, 68 Cust. Ct. 17, 336 F.Supp. 1395 (1972), *aff'd*, 61 C.C.P.A. 90, 499 F.2d 1277 (1974), a leading case discussing what constitutes a mistake of fact sufficient to fall within the scope of Section 520(c), the Customs Court found a mistake of fact existed where neither the importer nor the customs officer was aware that the merchandise was emergency war materials entitled to duty-free treatment until after the liquidations became final. The Court held this a mistake of fact because the importer and the Customs Service were unaware of the nature of the materials being imported prior to liquidation and for sometime thereafter. This Court subsequently noted, "under *Tower*, a mistake of fact … is correctable under § 1520(c) when the mistake goes to the nature of the merchandise and is the underlying cause for

its incorrect classification." *Boast, Inc.*, 17 CIT at 117, 1993 WL 45902 **2 (citation omitted). *See ITT Corp.*, 24 F.3d at 1387–88 (holding mistake of fact occurred in initial creation of broker's records, resulting in subsequent misclassification of entries because product was understood to be other than it actually was).

While this Court notes it is well-established that "a determination by the Customs Service that merchandise is covered by a certain provision of the TSUS is a conclusion of law," *Cavazos v. United States*, 9 CIT 628, 630, 1985 WL 25792 (1985), Customs must make its classification determinations based on accurate and complete information. This case does not present

> a typical challenge to a Customs classification where Customs evaluated the merchandise and, based on its construction of the tariff schedule, determined into which of two categories the merchandise must be placed, *e.g.*, whether a pager should be classified as a radio receiver or as a signaling apparatus. In such a case, there is no dispute that the only proper course of action would have been to file a timely protest under section 1514.

*Executone Information Systems v. United States*, 96 F.3d 1383, 1388 (Fed.Cir.1996). Rather, here, plaintiff's broker and Customs were unaware the merchandise consisted of stereos incorporating a tape player incapable of recording until more than ninety days after their liquidation and therefore plaintiff's broker could not have relayed that information to Customs for its consideration in classifying and liquidating the merchandise at issue. Therefore, this Court finds Customs was unable to classify the entries properly. As a result, this Court finds plaintiff has satisfied the regulation's first requirement that the mistake of fact committed by plaintiff's broker and by Customs "not amount to an error in the construction of a law." 19 C.F.R. § 173.4(b)(1) (1992).

### (2) Adverse to the Importer

This Court's finding plaintiff's broker made a mistake of fact with respect to the merchandise at issue does not end its inquiry. The regulation's second requirement

**336**

mandates the mistake of fact be "adverse to the importer." 19 C.F.R. § 173.4(b)(2) (1992). This Court finds the broker's entry of all four entries at issue under subheading 8527.19.00, HTSUS and Customs' subsequent liquidation of the four entries with duties assessed at 6% *ad valorem,* was adverse to the importer. As a result of the different dates of liquidation, however, this Court will examine the first three entries and the fourth entry separately.

*(a) The First Three Entries*

At the time plaintiff's broker entered the first three entries, Customs classified merchandise such as plaintiff's as "other combination stereos" under subheading 8527.31.50 pursuant to HQ 087197, which did not distinguish between combination stereos incorporating tape players capable or incapable of recording. (Def.'s Br. at 1.) Thus, had plaintiff's broker not made a mistake of fact, the first three entries would have been classified under subheading 8527.31.50, HTSUS and liquidated at 4.9% *ad valorem.*[6] As a result, this Court finds the liquidation of the entries at 6% *ad valorem* instead of 4.9% *ad valorem* was adverse to the importer. Plaintiff has satisfied the requirement of 19 C.F.R. § 173.4(b)(2) with respect to the first three entries.

This Court notes plaintiff's argument emphasizes the mistake of fact for all four entries was adverse to the importer because the mistake prevented the broker from entering the merchandise at issue under subheading 8527.31.40, HTSUS, at a duty rate of 3.7% *ad valorem* in accordance with HQ 950882. This Court, however, examines the effect of the mistake of fact *at the time the mistake was made.* The broker's mistake with respect to the first three entries occurred at the time she entered the merchandise under subheading 8527.19.00, HTSUS and Customs subsequently classified and liq-

uidated the goods as entered. The issuance of HQ 950882 after the entries had already been liquidated had no retroactive effect on the rates of duty assessed to the first three entries. *See* 19 C.F.R. § 177.9(a) (1992).

*(b) The Fourth Entry*

Like the first three entries, at the time the broker entered the fourth entry and made a mistake of fact, Customs classified merchandise such as plaintiff's as "other combination stereos" under subheading 8527.31.50 pursuant to HQ 087197. (Def.'s Br. at 1.) The outcome of the broker's mistake of fact, however, is different with respect to this entry because Customs liquidated the fourth entry approximately three months after HQ 950882 was issued. 19 C.F.R. § 177.9(a) states, with respect to the "[e]ffect of ruling letters generally," that "a ruling letter is effective on the date it is issued and may be applied to all entries which are unliquidated, or other transactions with respect to which Customs has not taken final action on that date." 19 C.F.R. § 177.9(a) (1992).[7] Accordingly, this Court finds because the fourth entry was unliquidated as of the date HQ 950882 was issued, Customs should have reliquidated the fourth entry under subheading 8527.31.40 in accordance with the new headquarters ruling and assessed a duty of 3.7% *ad valorem* instead of 6% *ad valorem.* Therefore, this Court holds the mistake of fact committed by the broker and Customs with respect to the fourth entry was adverse to the importer. Plaintiff has satisfied the requirement of 19 C.F.R. § 173.4(b)(2) with respect to the fourth entry.

This Court also notes defendant's counter argument that

even if Taban had established that its broker made a mistake of fact because she lacked knowledge of the nature of the merchandise, had the broker known the facts, it would have entered the merchandise un-

**6.** Although plaintiff does not point to 4.9% *ad valorem* as the correct rate of duty for merchandise classified under 8527.31.50, after inquiry from this Court and subsequent to the filing of its papers, plaintiff, after consulting defendant, informed this Court that 4.9% *ad valorem* and not 6% *ad valorem* was the correct rate of duty. *See, supra,* note 3.

**7.** Although the parties did not cite to 19 C.F.R. § 177.9(a) in their papers, in accordance with *Jarvis Clark Co. v. United States,* 2 Fed. Cir. (T) 70, 733 F.2d 873 (1984), the Court reaches the correct classification decision on its own.

der the same provision which it claims is erroneous now. Customs, too, would have classified the merchandise under that provision with or without the additional information regarding the incapability of recording of the tape player. In fact, the Customs officer classified the merchandise under the then claimed provision which was consistent with Customs' interpretation of the law at that time. Consequently, the claimed mistake regarding the incapability of the tape player to record would not have affected the classification of the merchandise by Customs.

(Def.'s Br. at 8.) The Court further notes defendant's argument that "even if there was a 'mistake of fact' . . . about the nature of the . . . entries . . . , it was not 'adverse to the importer' [as required by 19 C.F.R. § 173.4] because it did not alter the classification of the goods." (*Id.* at 14.) This Court finds, however, the broker's lack of knowledge of the entries at issue did adversely affect her decision regarding the classification of the four entries, although with a different outcome for the first three entries and the fourth entry. The mistake of fact resulted in the entry of all four entries at issue under 8527.19.00, HTSUS, and the liquidation of all four entries at incorrect rates of duty.

### (3) Manifest from the Record or Established by Documentary Evidence

With respect to the third requirement that the mistake of fact be manifest from the record or established by documentary evidence submitted to the appropriate customs officer, *see* 19 C.F.R. § 173.4(b)(3) (1992), defendant argues the letters requesting reliquidation submitted by plaintiff's broker "only alleged that the imported merchandise was entered under the wrong HTSUS provision," and none of the documents submitted with the imported articles "offered guidance concerning any evaluation of a 'mistake of fact.'" (Def.'s Br. at 18.) Defendant claims "plaintiff did not provide sufficient information to Customs, *or to this Court,* to satisfy its claim of 'mistake of fact.'" (Def.'s Resp. to Pl.'s Opp'n to Def.'s Cross–Mot. for Summ. J. ("Def.'s Resp.") at 2.) Plaintiff, however, argues the letters to Customs requesting reliquidation

reasonable [sic] show, especially to the experienced Customs 520 claim reviewer(s) involved, that the broker had originally understood the imports to be just radios, when in fact they were Hi Fi Components, that is, dual cassette stereo decks which included tape players that were incapable of recording. . . . There can be no real question but that Customs knew, from the 520 documented claims made by the broker, that "the document preparer simply understood the nature of the merchandise to be other than what it was."

(Pl.'s Resp. at 4–5 (citation omitted).)

This Court notes defendant's argument that neither plaintiff's entry papers nor its initial letters to Customs requesting reliquidation indicated the imported merchandise consisted of dual cassette combination stereos incorporating a tape player incapable of recording, and that the papers submitted to Customs did not substantiate plaintiff's allegation of a mistake of fact with sufficient particularity to allow remedial action. This Court also notes, however, § 1520(c)(1) requires only that the mistake of fact be "brought to the attention of the appropriate customs officer within one year after the date of liquidation." 19 U.S.C. § 1520(c)(1) (1988). *See Everflora Miami, Inc. v. United States,* 885 F.Supp. 243, 246 (CIT 1995), *aff'd* 86 F.3d 1174 (Fed.Cir.1996) ("Although plaintiff did not specifically claim that it was seeking relief under § 1520(c)(1), in compliance with *ITT [Corp.]* the gravamen of plaintiff's claims is spelled out with sufficient particularity in the protests and attached documents to allow remedial action for mistake of fact or other inadvertence under § 1520(c)(1). . . ."); *ITT Corp.,* 24 F.3d at 1387–88 (holding this Court erred by interpreting § 1520(c)(1) as precluding at trial *de novo* the Court's consideration of additional evidence, documentary or otherwise, which further substantiated the alleged mistake of fact). *But see Fabrene, Inc. v. United States,* 17 CIT 911, 914 (1993) (holding plaintiff failed to allege sufficient facts to support its claim that a mistake of fact was committed by Customs as contemplated by 19 U.S.C. § 1520(c)(1) (1988) where plaintiff did

not allege any facts to demonstrate the existence of a mistake of fact).

In *ITT Corp.*, 24 F.3d 1384, 1388 (Fed.Cir. 1994) (citation omitted), the Federal Circuit noted "the Court of International Trade correctly recognized that the one-year provision of § 1520(c)(1) applies only to the notification to Customs of an alleged mistake of fact, and 'not ... to efforts to document the error.'" The Federal Circuit's opinion continued on to note "[w]hile a prudent importer would submit all its supporting documentary evidence along with its timely notice alleging a mistake of fact before Customs' consideration in order to facilitate a prompt and favorable decision by Customs," failure to do so did not preclude other evidence from being submitted after Customs made its initial reliquidation decision. *Id.* "The remedial purpose of § 1520(c)(1) would be substantially frustrated by the harsh results that could flow from a rule that a timely assertion of a mistake of fact cannot be proven at a trial *de novo* after Customs denies the reliquidation request." *Id.* at 1389.

This Court finds plaintiff's letters requesting reliquidation under 19 U.S.C. § 1520(c)(1) (1988) due to the merchandise's entry under the "wrong" HTSUS subheading were sent within a year of liquidation and properly "brought to the attention of the appropriate customs officer" the alleged mistake of fact with respect to the merchandise at issue. *See* 19 U.S.C. § 1520(c)(1) (1988). Further, this Court finds the information contained in plaintiff's subsequent protests of Customs' denial of its request for reliquidation substantiated the alleged mistake of fact. Plaintiff's protests state the merchandise at issue "in fact incorporates a dual cassette dec [sic] (AC) featuring a tape recorder and a tape player.... [T]he tape player is incapable of recording. Headquarters Ruling.... [950882] ... directs classification of such merchandise in HS 8527.31.40." *United States Customs Service Protest No. 1001 3–107485* (December 17, 1993); *United States Customs Service Protest No. 1001 3–107411* (December 27, 1993). While plaintiff's protests of Custom's refusal to reliquidate were submitted to Customs more than one year after liquidation, this

Court finds the protests are nevertheless part of the record for review by this Court in the present action. The record for review consists of all information that was before the administrative agency when it rendered its decision, and plaintiff's protests were reviewed by Customs prior to their denial. *Cf.* 19 U.S.C. § 1520(c)(1) (1988). In addition, the Court notes the broker's affidavit, which states

> subsequent to the filing of the entries of these articles and more than 90 days after the most recent of their liquidations, I learned that all of the imports at issue consisted of combination articles or stereos in which were incorporated dual cassette decks (AC), featuring a tape recorder and a tape player ... incapable of recording.
>
> . . . .
>
> ... [I]n my meetings with Customs officials, at the times I filed the 520 requests, or, in any event, thereafter, but prior to the dates of their denials, I described the imports orally or provided descriptive literature and/or illustrations to Customs to show that the articles were dual cassette stereos such as were covered by HQ 950882. At no time did Customs give any indication of dissatisfaction with my proof of the identity of the imports.

(Pl.'s Br. Ex. B at 1–2.)

Further, this Court notes Customs, in denying plaintiff's request for reliquidation, did not state its denial was for want of sufficient proof by plaintiff that the alleged mistakes of fact were manifest from the record or established by documentary evidence, but rather because Customs determined the subject of plaintiff's claim fell within the scope of 19 U.S.C. § 1514 (1992) (Letters from Customs Protest Reviewer of August 1993 denying Pl.'s requests for reliquidation, *reprinted in* Def.'s Br. at Exs. 2, 5, 10.) Had Customs notified plaintiff that it had not submitted sufficient proof to establish a mistake of fact, plaintiff might have been able to submit supporting evidence to Customs before it denied plaintiff's protests. *See ITT Corp.*, 24 F.3d at 1388 n. 5.

Based on the reasoning above, this Court finds plaintiff "brought to the attention of the appropriate customs officer" the alleged the

mistake of fact as required by the regulation and substantiated the mistake with sufficient particularity to allow remedial action. *See* 19 C.F.R. § 173.4(b)(3) (1992).

### CONCLUSION

For the reasons discussed above, this Court grants in part and denies in part plaintiff's motion for summary judgment and grants in part and denies in part defendant's cross-motion for summary judgment. This Court finds plaintiff has overcome the presumption of correctness attached to Customs' classification of the four entries under subheading 8527.19.00, HTSUS, dutiable at 6% *ad valorem.* Plaintiff has satisfied the three requirements of the regulation implementing 19 U.S.C. § 1520(c)(1) by demonstrating the mistake committed by plaintiff's broker and subsequently by Customs was not an error in the construction of a law, was adverse to the importer and was manifest from the record or established by documentary evidence. *See* 19 C.F.R. § 173.4(b) (1992). While this Court understands plaintiff's desire to take advantage of the lower duty rate established by the new headquarters ruling for all four entries, this Court rejects plaintiff's assertion that all four entries should have been classified under subheading HTSUS 8527.31.40 in accordance with HQ 950882 and assessed a duty of 3.7% *ad valorem.* Only the fourth entry was liquidated after the issuance of the new ruling. Accordingly, this Court finds as a result of the mistake of fact, the first three entries were entered incorrectly under subheading 8527.19.00, HTSUS, dutiable at 6% *ad valorem,* when they should have been entered and liquidated under subheading 8527.31.50, HTSUS, dutiable at 4.9% *ad valorem.* This Court also finds the fourth entry should have been liquidated under subheading 8527.31.40, dutiable at 3.7% *ad valorem.* As a result, this Court holds Customs shall reclassify and reliquidate the first three entries under subheading 8527.31.50, HTSUS and assess duties at 4.9% *ad valorem* and the fourth entry under subheading 8527.31.40, HTSUS and assess duties at 3.7% *ad valorem.* Customs shall refund excess duties to plaintiff with interest as provided by law.

### JUDGEMENT ORDER

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision it is hereby

**ORDERED** that plaintiff's motion for summary judgment is granted in part and denied in part, and it is further

**ORDERED** that defendant's cross-motion for summary judgment is granted in part and denied in part, and it is further

**ORDERED** that Customs shall reclassify and reliquidate the first three entries at issue under subheading 8527.31.50, HTSUS, dutiable at 4.9% *ad valorem* and the fourth entry at issue under subheading 8527.31.40, HTSUS, dutiable at 3.7% *ad valorem.* Customs shall refund excess duties to plaintiff with interest as provided by law, and it is further

**ORDERED** that this action is dismissed.