Slip Op. 03 -6

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: Judge Judith M. Barzilay**

----------------------------------------------------- x

                                 :

FUJITSU COMPOUND
  SEMICONDUCTOR, INC.,          :

             Plaintiff,      :

                                    Court No. 96-01-00009

      v.                 :

UNITED STATES,          :

             Defendant.    :

----------------------------------------------------- x

[Plaintiff's Motion for Summary Judgment is Denied; Defendant's Cross-Motion for Summary Judgment is Granted.]

                                    Decided:  January 9, 2003

*Neville Peterson LLP*, (*Michael K. Tomenga*), for Plaintiff.

*Robert D. McCallum,* Assistant Attorney General, United States Department of Justice, *John J. Mahon*, Acting Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, (*Barbara S. Williams*), Assistant Branch Director; *Michael W. Heydrich,* Office of Assistant Chief Counsel, International Trade Litigation, United States Customs Service, of Counsel, for Defendant.

**OPINION**

**BARZILAY, JUDGE:**

**I. INTRODUCTION**

      The court has before it Plaintiff's Rule 56 Motion for Summary Judgment and

Defendant's Cross-Motion for Summary Judgment.  *See Pl.'s Mem. in Supp. of Mot. for Summ.*

*J.* (*"Pl.'s Br."*); *Def.'s Mem. in Supp. of Cross-Mot. for Summ. J. and Opp. to Pl.'s Mot. for*

*Summ J.* ("*Def.'s Br.*"). Plaintiff contends that Defendant made a mistake of fact when failing to reliquidate entries of the subject merchandise improperly classified, after Customs HQ Rulings established the correct classification. *See Pl.'s Br.* at 3. Defendant's cross-motion claims that a petition to reliquidate entries pursuant to 19 U.S.C. § 1520(c)(1)(1988) for a mistake of fact by the United States Customs Service ("Customs") is not applicable because Customs was under no obligation to re-liquidate an entry to conform to a letter ruling issued after liquidation. *See Def.'s Br.* at 5. Defendant also claims Plaintiff is ultimately seeking relief from its failure to protest the entries before they became final for purposes of 19 U.S.C. § 1514, and that § 1520 is not applicable in that case. *Id.* at 5-6.

## II. BACKGROUND

Plaintiff, Fujitsu Compound Semiconductor, Inc. ("FMCI" or "Fujitsu") imported the subject merchandise, laser diode modules, which was covered by Customs Headquarters' Further Review decisions regarding the same product imported by Toshiba. *See* HQ 088724 and HQ 088754. The HQ decisions were dated June 2, 1992. They determined the correct classification for the laser diode modules to be HTSUS 8541.40.20 at a dutiable rate of 2 *per cent ad valorem*. The FMCI entries at issue entered at the Port of San Francisco between October 18, 1991 and February 5, 1992, under HTSUS subheading 8541.40.95 dutiable at 4.2 *per cent ad valorem*. *Pl.'s Br.* at 2. Bulletin board notices of liquidation for these entries occurred between April 10, 1992 and May 29, 1992, prior to the HQ rulings. *Id.* FMCI did not protest these entries and they

became final under § 1514(a).[1]  FMCI then filed a petition for reliquidation under §1520(c)(1),

alleging that Customs had made a mistake of fact in not correcting the entries in light of the HQ

rulings.[2]  *Id.*  Customs granted the petition in part, for all entries for which bulletin board notice

---

[1] 19 U.S.C. § 1514(a) (1988) reads as follows:

(a) Finality of decisions; return of papers

 Except as provided in subsection (b) of this section, section 1501 of this title (relating to
voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested
parties), and section 1520 of this title (relating to refunds and errors), and section 1521 of this
title (relating to reliquidations on account of fraud), decisions of the appropriate customs officer,
including the legality of all orders and findings entering into the same, as to–
     (1) the appraised value of merchandise;
     (2) the classification and rate and amount of duties chargeable;
     (3) all charges or exactions of whatever character within the jurisdiction of the Secretary
     of the Treasury;
     (4) the exclusion of merchandise from entry or delivery or a demand for redelivery to
     customs custody under any provision of the customs laws, except a determination
     appealable under section 1337 of this title;
     (5) the liquidation or reliquidation of an entry, or any modification thereof;
     (6) the refusal to pay a claim for drawback; and
     (7) the refusal to reliquidate an entry under section 1520(c) of this title;

shall be final and conclusive upon all persons (including the United States and any officer
thereof) unless a protest is filed in accordance with this section, or unless a civil action
contesting the denial of a protest, in whole or in part, is commenced in the United States Court of
International Trade . . . .

[2] 19 U.S.C.§ 1520(c)(1) (1988) allows reliquidation for entries incorrectly classified due
to mistake of fact, inadvertence, or clerical error.  Under the provision Customs may "reliquidate
an entry to correct--

> (1) a clerical error, mistake of fact, or other inadvertence, not amounting to an
> error in the construction of a law, adverse to the importer and manifest from the
> record or established by documentary evidence, in any entry, liquidation, or other
> customs transaction, when the error, mistake, or inadvertence is brought to the
> attention of the appropriate customs officer within one year after the date of
> liquidation or exaction[.]

of liquidation was posted after June 2, 1992. *Id.* at 2-3. Customs denied the § 1520 petition with

regard to those entries for which notice of liquidation had been posted prior to June 2, 1992.

Plaintiff timely protested the denial of its petition with regard to the pre-June 2 entries. This

protest was denied, and Plaintiff filed appeal with this court. *Id.* at 3.

## III. STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law." USCIT R. 56(c). There are no material issues of fact, and both parties agree that

summary judgment is appropriate in this case. *See Pl.'s Br.* at 6-7; *Def.'s Br.* at 6.

Customs rulings are entitled to deference relative to their "power to persuade" according

to the Supreme Court's holding in *United States v. Mead Corp.*, 533 U.S. 218, 235 (2001)

(quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). Under *Skidmore* deference, the

court will look to agency "rulings, interpretations and opinions" for guidance. *Skidmore*, 323

U.S. at 140. The weight a ruling will be accorded depends "upon the thoroughness evident in its

consideration, the validity of its reasoning, its consistency with earlier and later pronouncements,

and all those factors which give it power to persuade, if lacking power to control." *Id*.

## IV. DISCUSSION

Under 19 U.S.C. § 1520(c) an importer has one year to correct mistakes of fact made

during a Customs transaction. Mistakes of law are not correctable under § 1520, and must be

corrected by a timely protest of liquidation. Plaintiff argues that Customs' failure to reliquidate all the entries at issue was a mistake of fact or other inadvertence under § 1520. *See Pl.'s Br.* at 8. The specific mistake of fact alleged was the Customs officer's failure to prevent liquidation from becoming final under an incorrect classification. *See id.*

Defendant, in its cross-motion, responds that Plaintiff's argument misses several important points. First, § 1520 is inapplicable to this case because Customs made no affirmative mistake by not reliquidating and was under no obligation to reliquidate or re-examine the liquidated entries. *Def.'s Br.* at 24. There is no mistake by Customs, either of omission or commission, that qualifies for relief under § 1520. Second, Customs regulations provide that ruling letters are applicable to unliquidated entries. *Id.* at 18. Notice of liquidation had been posted with regard to the entries at issue in this case when the relevant ruling letter was issued. Finally, Defendant asserts that Plaintiff was denied relief because it failed to protest entries which were liquidated and that § 1520 cannot be used to correct a failure to protest. *Id.* at 11.

The primary issue is the applicability of the ruling letter. Customs regulations dictate that "a ruling letter is effective on the date it is issued and may be applied to all entries which are unliquidated." 19 CFR § 177.9(a) (1992); *Def.'s Br.* at 18. At the time of the issuance of the relevant HQ ruling, the entries at issue were liquidated. There still remained time to protest the liquidation so the classification would not be final and binding on the parties, but their status was liquidated for purposes of the letter ruling. "The bulletin notice of liquidation shall be dated with the date it is posted or lodged in the customhouse for the information of importers. This posting or lodging shall be deemed the legal evidence of liquidation." 19 CFR § 159.9(c)(1). It is well settled that the date of liquidation is "the date the bulletin notice is posted in the customhouse."

*United States v. Reliable Chem. Co.*, 605 F.2d 1179, 1183 (CCPA 1979). Because liquidation had occurred at the time of the ruling, Plaintiff was required to protest those entries to receive relief. In addition, the mere existence of a HQ letter does not mean it is automatically applicable to entries other than those covered by the letter. The letter ruling in this case was issued to Toshiba on a like-product, not to Fujitsu. Customs regulations provide that other than the party to whom the ruling is addressed, "no other person should rely on the ruling letter or assume that the principles of that ruling will be applied in connection with any transaction other than the one described in the letter." 19 CFR § 177.9(c) (1992). Customs' decision to correct the classification of only those entries which remained unliquidated at the time of the letter ruling was consistent with its regulations, and liquidation was effective for the purposes of the letter ruling's applicability the date the bulletin notice was issued.

Even if the ruling could be applied to post-liquidation entries, Plaintiff must show that Customs was under a legal obligation to re-evaluate liquidated entries. For Customs to make a mistake in failing to take an action Plaintiff must show that Customs was obliged to take that action. To support its case Plaintiff points to two cases. In *George Weintraub & Sons v. United States,* the Court held Customs' failure to apply a presidential proclamation which affected the status of the entries was a mistake of fact when they were liquidated contrary to the known status. *See* 12 CIT 643, 691 F. Supp. 1449 (1988), *vacated,* 18 CIT 594, 855 F. Supp. 401 (1994). *Zaki Corp. v. United States* involved a ruling issued by Customs HQ which was ignored at liquidation. 21 CIT 263, 960 F. Supp. 350 (1997). The Court held that because the "entries were unliquidated as of the date of issuance of [the HQ ruling], Customs should have liquidated the entries" in accordance with the ruling. *Id.* at 360. In *Zaki,* the Court relied on the existence

of the letter ruling to establish only that the classification was wrong, and, therefore, adverse to

the importer.  *Id.*  Failure to follow the letter ruling was not, however, the mistake of fact

asserted by the plaintiff.  Zaki claimed a mistake was made because of ignorance as to the

character of the merchandise, not as to the applicability of a ruling.  *Id.* at 354.  In addition, both

*Weintraub* and *Zaki* were corrections to mistakes made by Customs prior to liquidation.  In this

case, liquidation had already occurred when the ruling was issued.  Plaintiff also points to ORR

Ruling 75-0026 (Jan. 24, 1975) where Customs recognized that failure to apply an existing HQ

ruling when classifying merchandise is a mistake of fact correctable under § 1520.  *Pl.'s Br.* at

10.  This ruling also deals with a pre-liquidation situation, and, therefore, is not applicable to the

facts in this case.

Fujitsu does reference two regulations that instruct Customs to reliquidate to prevent

potential loss of revenue that results from a prior disclosure under 19 U.S.C. § 1592, or in a

change in duty rates by presidential proclamation or act of Congress.  *See Pl.'s Br.* at 15 n.5

(citing 19 CFR § 162.71(a)(2) and § 159.7(b) (1992)).  However, these requirements do not shift

a burden to Customs to monitor and fix all entries after liquidation.  Instead, they indicate only

that Customs has accepted the burden of reliquidating in two specific instances: to prevent loss

of revenue under prior disclosure and when the underlying law is changed.

No statute compels Customs to reliquidate in a circumstance like this.  Under 19 U.S.C. §

1501[3] Customs has within its discretionary authority the ability to reliquidate, but reliquidation

---

[3]19 U.S.C. § 1501 (1988) reads as follows:

A liquidation made in accordance with section 1500 of this title or any liquidation thereof
made in accordance with this section may be reliquidated in any respect by the appropriate
customs officer on his own initiative, notwithstanding the filing of a protest, within ninety days

under § 1501 is not mandatory.  Customs was not required to reliquidate the entries, nor did it

take an affirmative step with regard to the entries.  There is no need to determine if there was a

mistake of law or fact at issue, because there was no mistake.  Therefore, failure of Customs to

reliquidate is not a mistake which can be corrected under § 1520(c).[4]  Customs is justified in

treating in a different manner liquidated entries where it no longer has a responsibility to take

action, from those whose classification and liquidation are pending and Customs remains under a

statutory duty to take action consistent with the law.  Defendant points out that for the court to

impose such an obligation would place an enormous burden on Customs to review all entries

liquidated within the past 90 days after every ruling to determine if they need to be adjusted.

The statute does not require such an effort by Customs and it explicitly places the burden to

correct errors in classification after liquidation on the importer who has the ability to protest

_____

from the date on which notice of original liquidation is given to the importer, his consignee or agent.  Notice of such reliquidation shall be given in the manner prescribed with respect to original liquidations under section 1500(e) of this title.

[4] While the court finds Customs is not legally bound to correct the classification of the entries under § 1520, that does not mean it endorses the wisdom of refusing to do so.  While Congress created a distinction between mistakes of law and fact, the difference is not always easily ascertained.  *Compare Executone Info. Sys. v. United States*, 96 F.3d 1383 (Fed. Cir. 1996) (Mistake of fact existed when the importer believed at time of importation necessary forms had been filed to qualify for duty-free treatment.) *with Occidental Oil & Gas v. United States*, 13 CIT 244 (1989) (Mistake of fact did not exist when importer failed to file forms to qualify for duty-free treatment and misunderstood the legal consequence of failure to file.).  Some of the absurdity of the outcomes in cases involving mistakes could be resolved if Customs were to take a more flexible approach to correcting mistaken classifications.  The legislative history to 19 U.S.C. § 1520 would seem to endorse such a action on the part of Customs.  *See, e.g., ITT Corp. v United States*, 24 F.3d 1384, 1389 (Fed. Cir. 1994) (quoting the statement of Philip Nichols, Jr., Assistant General Counsel, Treasury Department, *Hearings on H.R. 1535 to Amend Certain Provisions of the Tariff Act of 1930 Before the House Comm. on Ways and Means*, 82 Cong., 1st Sess., at 27: "The refusal to correct patent errors causes hardship, needlessly injures public goodwill toward the Customs Service and public acceptance of the customs laws, and constitutes a psychological handicap to international trade.")

under § 1514.

Plaintiff does not point to any mistake in the original classification that could be corrected under § 1520. *See Xerox Corp. v. United States*, 26 CIT ____,____, 219 F. Supp. 2d 1345, 1350-51 (2002). Failure by an importer to protest a liquidation before it becomes final is not a mistake which is correctable under § 1520. *See Fabrene, Inc. v. United States,* 17 CIT 911, 915 (1993). Plaintiff in this case contends Customs misinterpreted the applicable law in the initial classification. Subsequent to that classification, Customs corrected its understanding of the law, but did not reliquidate the entries in question to correct their classification. It is Plaintiff's responsibility to protest a misclassified entry within 90 days, or liquidation will become final. "As plaintiff failed to file a protest within the statutory time period allowed by § 1514, the liquidation of the merchandise is final and conclusive." *Id.* at 915 (citing 19 U.S.C. § 1514).

Section 1520(c)(1) does not serve as "'an alternative to the normal liquidation protest method of obtaining review.'" *Computime, Inc. v. United States*, 9 CIT 553, 556, 622 F. Supp. 1083, 1085 (1985) (quoting *C.J. Tower & Sons of Buffalo, Inc. v. United States*, 68 Cust. Ct. 17, 21, 336 F. Supp. 1395, 1398 (1972)). Plaintiff is correct that, for purposes of § 1514, liquidations do not become final for 90 days after notice. However, that 90 day period is grace time for an importer to protest any mistakes in the classification. Absent any action by the importer the liquidation becomes final, and thereafter the importer can seek relief only for mistakes correctable under § 1520. Customs' inaction here does not constitute a mistake correctable under § 1520 and there is no other basis for the court to grant the relief sought by Fujitsu.

**V. CONCLUSION**

For the reasons explained above, Plaintiff's Motion for Summary Judgment is denied and Defendant's Cross-Motion for Summary Judgment is granted.  Judgment will be entered accordingly.


Dated:_____                                    _____
    New York, NY                                                       Judith M. Barzilay
                                                         Judge